**Nazario MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61490.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 19, 1979.

Rehearing En Banc Denied Oct. 24, 1979.

Harry A. Nass, Jr., San Antonio, court appointed, Gale O. Castillo, San Antonio, court appointed, for appellant.

Bill M. White, Dist. Atty., Donald A. Clowe, E. Dickinson Ryman, Edwin E. Springer and Douglas V. McNeel, Asst. Dist. Attys., San Antonio, and Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. V.T.C.A. Penal Code, Sec. 29.03. Following his plea of guilty, the court assessed appellant's punishment at ten years.

In his sole ground of error, appellant contends that the trial court erred in failing to hold a competency hearing. See, Article 46.02, V.A.C.C.P. Appellant contends that evidence produced after his sentencing raised a bona fide doubt as to his competency to have earlier stood trial.

The court clerk testified that when appellant appeared in court on September 11, 1975, for arraignment, he was observed beating his chest and heard to say that he was attempting to exorcise the devils in his body. At that time, the court appointed Dr. Richard Cameron, Director of Psychological, Psychiatric Office of Bexar County, to examine appellant.

Appellant pled guilty on October 28, 1975. At the time he entered his plea of guilty, his attorney assured the court that in his opinion appellant was competent to stand trial. In support of this opinion, counsel for appellant introduced Dr. Cameron's report dated September 12, 1975, which contained the following conclusion:

"Defendant knows right from wrong and can adhere to the right. He is sufficiently intelligent to understand the nature, seriousness, and quality of the acts for which he is charged, to place himself in the legal proceedings, and to assist counsel in his defense. He meets the legal criteria of competency and is, therefore, considered competent to stand trial."

In connection with appellant's Application for Probation, the court appointed Dr. Betty Schroeder to examine appellant. In

a report dated November 13, 1975, Dr. Schroeder concluded that appellant was competent. On December 4, 1975, the court informed appellant that his application for probation was denied. Appellant timely filed a motion for new trial. The court sentenced appellant on February 12, 1976, after his motion for new trial was overruled by operation of law. Appellant then gave timely notice of appeal.

Appellant's counsel raised the issue of appellant's competence to stand trial for the first time in a Motion for Additional Psychiatric Examination and Competency Hearing filed on May 12, 1976. On December 16, 1976, the court ordered that appellant be examined to determine his present competency to stand trial. In response to this order, Dr. Terresa Stallworth submitted her report to the court dated December 28, 1976, which concluded as follows:

"Whether Mr. Morales' diagnosis is Ganser's Syndrome or Underlying Schizophrenic Disorder, he is presently incompetent to advise his council (sic) in the matter of his defense. Because he has been a management problem for our hospital, I feel that at this time we lack proper security to maintain good security past the 14-day limit for Diagnosis and Evaluation.

"In addition, it is felt that Mr. Morales needs to be seen by the Review Board for Manifest Dangerousness at the Rusk State Hospital before transfer to our outlying hospitals is undertaken. It is my recommendation that he be sent to Rusk State Hospital for a period of time to try to obtain competency to stand trial."

On February 8, 1977, appellant filed a second Motion for New Trial alleging that newly discovered evidence revealed that appellant was incompetent at the time he pled guilty. On February 17, 1977, a hearing was held in response to this motion. The court stated that although the February 8th pleading was styled A Motion for New Trial, it was primarily a request that appellant receive some type of treatment due to incompetence following his conviction. At this hearing, the court's clerk and bailiff testified that they had witnessed appellant beating his chest in an "attempt to drive the devils out" in September of 1975. The clerk testified that in her opinion appellant was "nuts" at that time. Dr. Stallworth testified that it was within the realm of medical possibilities that appellant was incompetent as early as September of 1975. Three employees of the county jail testified that appellant would put up a fight and attack jail guards whenever he was informed that he was going to court for various appearances and hearings. At the conclusion of this hearing, the court ordered Dr. C. N. Rothe, County Health Officer, to examine appellant. In a report to the court dated May 17, 1978, Dr. Rothe concluded as follows:

"At neither interview did I detect anything that would support an opinion that Nazario Morales is presently suffering from a mental illness. It is, therefore, my considered opinion that Nazario Morales does not now have a mental illness and that there is no justification for further evaluation nor is there a requirement for treatment at a medical installation."

Finally, on June 6, 1978, the trial court issued an order stating: (1) that a bona fide issue as to mental illness after conviction was raised and (2) that appellant should be transferred to the Texas Department of Corrections so that a prison physician could determine whether he was mentally ill.

Article 46.02, Sec. (2)(a) and (b) provides for the procedure to raise the issue of the defendant's incompetence to stand trial. Under that statute:

"Sec. 2. (a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

"(b) If during the trial evidence of the defendant's incompetency is brought to

the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial."

In the instant case, appellant did not file a pretrial motion for a competency hearing. Indeed, at the plea of guilty, appellant's counsel assured the court that his client was competent and submitted Dr. Cameron's report in support of his opinion that appellant was presently competent to stand trial.

■ We have held that a trial court is relieved of any responsibility to hold a pretrial competency hearing when the defendant announces ready and enters a plea without any suggestion of incompetency. *Perryman v. State*, 507 S.W.2d 541 (Tex.Cr. App.); *Paul v. State*, 544 S.W.2d 668 (Tex. Cr.App.); and *Thomas v. State*, 562 S.W.2d 240 (Tex.Cr.App.). We find that the trial court was not obligated to provide a pretrial competency hearing for appellant.

Appellant's first Motion for a New Trial was timely filed within ten days of the trial court's denial of his Motion for Probation. See, Article 40.05, V.A.C.C.P., and *Woods v. State*, 532 S.W.2d 608 (Tex.Cr.App.). This motion in no way raised the issue of appellant's competence to have stood trial. The motion was overruled by operation of law twenty days after it was filed when a hearing was not held in the trial court. See, Article 40.05, supra.

Appellant's second Motion for a New Trial was filed approximately one year after he was sentenced. The trial court held a hearing on this motion nine days after it was filed.

■ A Motion for New Trial filed after the date of formal sentencing need not be considered by the trial court. *Ex parte Herrin*, 537 S.W.2d 33 (Tex.Cr.App.). If such a motion is filed, "good cause" must be shown for the belated filing. Article 40.05, supra, and *Robinson v. State*, 505 S.W.2d 298 (Tex.Cr.App.). If "good cause" is shown and the court agrees to permit the belated filing of a Motion for New Trial

where sentence has been pronounced, the sentence should be set aside and an order to that effect entered. *Robinson v. State*, supra, and *Means v. State*, 552 S.W.2d 166 (Tex.Cr.App.).

■ In the instant case, the previous sentence was not set aside, nor was good cause shown for the belatedly filed second Motion for New Trial. Therefore, the motion should not have been heard by the trial court. See, *Jones v. State*, 501 S.W.2d 677 (Tex.Cr.App.). This Court is not bound to consider the record made on the untimely motion and unauthorized hearing. See, *Jones v. State*, supra, and *Reynolds v. State*, 548 S.W.2d 733 (Tex.Cr.App.). However, we have held that a statute governing the time for filing Motions for New Trial cannot be applied so as to deprive an accused of a right secured by the Constitution. *Whitmore v. State*, 570 S.W.2d 889 (Tex.Cr.App.) (Opinion on Appellant's Motion for Rehearing).

■ It is well settled that the conviction of an accused, while he is legally incompetent to stand trial, violates due process of law. *Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); *Bonner v. State*, 520 S.W.2d 901 (Tex.Cr. App.); *Perryman v. State*, supra. The test of legal competence is whether the accused has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. Article 46.02, Sec. 1, supra; *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); and *Paul v. State*, supra. However, a trial court is only required to sua sponte hold a competency hearing when sufficient facts or circumstances are brought to the court's attention that create a reasonable doubt as to the competence of the appellant. *Bonner v. State*, supra, and *Perryman v. State*, supra.

In the instant case, reports from Drs. Cameron and Schroeder made at or near the time appellant was convicted and sentenced indicate that appellant was competent at that time. Appellant's testimony at

the time he entered the plea of guilty and sentencing was clear and lucid. Subsequent reports by Drs. Sherman and Rothe indicate that appellant was competent at the time the reports were made. This evidence is to be contrasted with Dr. Stallworth's opinion made ten months after appellant was sentenced indicating that it was "within the realm of medical possibility" that appellant was incompetent prior to the time he went to trial and the clerk's testimony that appellant was "nuts" prior to trial.

It is undisputed that there was no evidence of incompetency at appellant's trial. In *Ex parte Long*, 564 S.W.2d 760 (Tex. Cr.App.), we held that the trial court was not required to hold a competency hearing based on conflicting testimony regarding the petitioner's competency produced at a trial held four months earlier which had ended in a mistrial. In *Long*, there was a complete absence of evidence of incompetence at the trial. In the instant case, all of the evidence before the court at trial, including Dr. Cameron's report, reflected that appellant was competent. The evidence presented to the trial court one year after sentencing was not sufficient to require the court to hold a competency hearing. No error is shown.

The judgment is affirmed.