**Robert Miguel SCHAIRED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–01161–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 1, 1990.

Dianna Derhak, Brian Wice, Houston, for appellant.

John Holmes, Jr., J. Harvey Hundson, Asst., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

### ORDER

EVANS, Chief Justice.

Appellant was convicted by a jury of aggravated robbery, and the court assessed his punishment at 50 years confinement. Appellant moves to abate the appeal for an evidentiary hearing on the adequacy of his trial counsel's representation at the

punishment phase of trial. We deny appellant's motion.

In appellant's motion, his counsel on appeal concludes that there are no issues "which present potentially reversible error and which could be briefed for presentation to this Court." Appellant's counsel on appeal asserts, however, that there are factual circumstances as to whether appellant's trial counsel rendered reasonably effective assistance at the punishment phase of trial.

The gist of appellant's complaint is that his trial counsel assured him that a particular visiting trial judge, not the regular judge of the 228th Judicial District Court of Harris County, would assess punishment, and that he relied on that assurance in making his election to have the trial court assess punishment.

The State responds to appellant's motion, arguing that appellant, in essence, seeks an impermissible out-of-time motion for new trial, and that a post-conviction writ of habeas corpus is the proper means for determining issues such as that presented. Thus, the State contends that this Court is not empowered to grant the motion to abate. The State further contends that the affidavits filed in support of appellant's motion demonstrate that he is not entitled to the relief sought.

■ This Court has the authority to abate an appeal for an evidentiary hearing in an appropriate case. *Williams v. State*, 780 S.W.2d 802, 803 (Tex.Crim.App.1989); *Murphy v. State*, 663 S.W.2d 604, 605 (Tex. App.—Houston [1st Dist.] 1983, no pet.); Tex.R.App.P. 80(c). We conclude, however, that the assertions set forth in appellant's motion and supporting affidavits do not justify the requested relief.

In appellant's affidavit, he states that when his case was set for trial, his lawyer advised him to go to the jury for punishment in the event he was found guilty. According to appellant's affidavit, his lawyer told him that his trial judge was "generally regarded by defense attorneys as the toughest sentencer in Harris County." On the day his case was set for jury selection, his lawyer told him a visiting judge would preside over his trial, who had a reputation "as a much more moderate sentencer." He said his lawyer advised him, that if the jury found him guilty, he should change his election on punishment and let the trial judge assess his punishment. He said he asked his lawyer if there was any chance he would be sentenced by the regular trial judge if he did change his election, and his lawyer assured him there was not. He said his lawyer also advised him that if the visiting trial judge presided over the trial, the visiting judge, rather than the regular judge, would be the one to assess punishment. He said that, after his conviction, his case was reset so that a pre-sentence investigation report could be conducted. He said he was surprised when he came back to the court for sentencing, and the regular trial judge assessed his punishment at 50 years confinement.

The allegations contained in appellant's affidavit are verified by the affidavit of appellant's trial counsel. She states that after learning that a visiting trial judge would preside over her client's trial, she assured her client that if he changed his election of punishment, he would have the right to have that same judge assess his punishment. She acknowledges this Court's decision in *Webb v. State*, 755 S.W.2d 222 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd, untimely filed), as holding to the contrary, but states that she was then unaware of that holding. She states that, after her client was found guilty by the jury, she was unsure what to do in order to see that the visiting trial judge would assess punishment. She did not ask the judge to waive preparation of a pre-sentence investigation report, but simply asked the court clerk what to do. The clerk told her that the visiting judge would assess punishment even if a pre-sentence investigation report was ordered. She said that she was "shocked" when she arrived in court for sentencing, and saw the regular trial judge sitting on the bench. She said she was also shocked at the severity of the sentence, even considering the regular judge's reputation. She concedes that she "should have objected or said something" to the judge about her client's expectations,

and she opines that her conduct constituted ineffective assistance of counsel.

■ The test for ineffective assistance of counsel is whether counsel's conduct so undermines the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The sufficiency of an attorney's assistance is gauged by the totality of the representation. *Ferguson v. State,* 639 S.W.2d 307, 310 (Tex.Crim.App.1982). An error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Crim.App.1980); *Pinkston v. State,* 744 S.W.2d 329, 333 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

■ A claim of ineffective assistance of counsel will be sustained "only if it is firmly founded and the record affirmatively demonstrates counsel's alleged ineffectiveness." *Ex parte Cruz,* 739 S.W.2d 53, 59 (Tex.Crim.App.1987); *see also Ex parte McWilliams,* 634 S.W.2d 815 (Tex.Crim. App.1982). Thus, the defendant must affirmatively show that trial counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064; *Ex parte Cruz,* 739 S.W.2d at 59; *Ex parte Pool,* 738 S.W.2d 285, 286 (Tex.Crim. App.1987); *see also Ex parte Adams,* 707 S.W.2d 646, 648–49 (Tex.Crim.App.1986).

■ Here, the affidavit of the visiting trial judge, which is attached to appellant's motion, shows that the visiting judge might (or might not) have rendered the same sentence as the regular trial judge, depending upon his review of the contents of the pre-sentence investigation report.[1] The judge's affidavit points up the dangers inherent in an appellate tribunal making an estimate, in hindsight, about the decision a trial judge (or jury) would have reached under the same or similar circumstances. Because of these dangers, appellate courts historically have refused to analyze the deliberative processes of the factfinder, whether it be a trial court or a jury. We conclude that the interests of justice would not be served by the abatement of the appeal because any information that might be adduced at a hearing on the matter would not assist this Court in deciding whether appellant's conviction should be reversed because of ineffective assistance of trial counsel.

We deny appellant's motion to abate.

---

1. The affidavit recites in part: Had defense counsel sought leave to have me assess punishment immediately after guilt/innocence, I would have done so and based upon the evidence that I heard, would have given the defendant a sentence less than the 50 years he received from [the trial judge]. Had a PSI been prepared, I would reserved [sic] the right to assess punishment in excess of 50 years depending on its contents.