Paul PADILLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–01180–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 4; 1990.

Michael B. Charlton, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, and Joan Huffman, Dist. Attorney's Office, Houston, for appellee.

Before SAM BASS, DUGGAN and MIRABAL, JJ.

*ORDER*

PER CURIAM.

Appellant has filed a motion to abate this appeal so that he might litigate a claim for ineffective assistance of counsel in the trial court. The State opposes the motion. A history of the appeal follows.

A jury convicted appellant of the offense of aggravated sexual assault on November 9, 1989. The court sentenced him to 15 years and one day confinement in TDC. On December 1, 1989, appellant gave notice of appeal. Appellant's trial counsel was allowed to withdraw on that same date. New counsel was appointed on December 4, 1989. No motion for new trial was filed. Both the transcript and statement of facts have been filed. No brief has been filed.

On August 1, 1990, appellant filed the motion now under consideration asking us to act under the authority of TEX.R.APP.P. 2. Appellant claims that trial counsel was ineffective because he filed an election for the judge to assess punishment when appellant had filed a motion for probation and was entitled to have the jury consider the possibility of probation.

A review of the record before us reveals the following occurrences. During voir dire both appellant and the State discussed the issue of punishment. After voir dire, the appellant filed an untimely election to have the judge assess punishment which the trial court allowed. Both appellant and his attorney signed the election. At the conclusion of the guilt/innocence stage, the appellant stated that he had filed the election at the end of the day when he was very rushed and had elected punishment by the court by mistake. He further stated that he wished for the jury to assess punishment and requested to withdraw his previous election. The State objected. The trial court refused the request.

Appellant states in his motion that trial counsel also objected to an instruction on the lesser included offense of sexual assault and the objection was sustained. During deliberations, the jury sent out notes asking if they could convict appellant of sexual assault rather than aggravated sexual assault.

■ The test for ineffective assistance of counsel is whether counsel's conduct so undermines the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Schaired v. State*, 786 S.W.2d 497, 499 (Tex.App.—Houston [1st Dist.] 1990). An error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Ex Parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980); *Pinkston v. State*, 744 S.W.2d 329, 333 (Tex. App.—Houston [1st Dist.] 1988, no pet).

■ Events on three occasions, at various stages of the trial, provide reason to conclude that appellant's actions were the product of counsel's trial strategy based upon his assessment of the situation at the time.

First, contrary to the rule, appellant's filing of his election to have the court assess punishment was done after voir dire. This action is consistent with a professional judgment by counsel that the particular jury which was seated would deal more severely with the offense in question than would the judge.

Second, during preparation of the charge, the court and the State were agreeable to inclusion in the charge of the lesser included offense of sexual assault. However, the defense objected to its inclusion. Such action was consistent with a desire to put the jury in an "all or nothing" position based on counsel's professional judgment that the evidence was weak in proving a felony offense and that the jury, faced with no middle ground of a lesser included offense, might vote to acquit outright. (A note sent out by the jury during deliberations asking if the charge could be reduced to sexual assault or some lesser charge indicated that counsel's strategy might well have been working.) On the other hand, if the jury convicted appellant they would do so reluctantly, because of their limited options, and with sympathy for him.

When the jury found appellant guilty as charged, counsel could have been convinced that the jury would assess minimal punishment. Trial strategy, therefore, would have demanded the third tactical decision: that counsel attempt to undo the late filed election to have the judge sentence appellant.

We realize that bases other than these hypotheticals might exist for such tactical decisions on the part of counsel during trial. Regardless of the reasons behind them, however, counsel's decisions as described above are clearly the product of trial strategy rather than the result of professional ineffectiveness. As trial strategy, such actions by counsel would be reasonable even if ultimately unsuccessful. We cannot say that trial counsel's actions were without any plausible basis. Therefore, appellant's claim of ineffectiveness is unfounded.

■ Appellant relies on *Torres v. State*, 804 S.W.2d 918 (Tex.App.—El Paso, 1990). However, while the *Torres* court discussed in dicta the possible importance of testimony by trial counsel to overcome the strong presumption of effective assistance "in the proper case," that court, on motion for rehearing, declined to "encourage a practice of disrupting the orderly and prompt flow of direct appeals by what could become a routine defense practice of seeking such abatement for random trolling of the record for signs of

ineffective assistance." *Torres v. State*, 804 S.W.2d 918 (Tex.App.—El Paso, 1990) (*Torres II* ). The *Torres II* court consequently denied counsel's motion for abatement even though the testimony might have been helpful.

Unlike the situation in *Torres*, we have before us a partial statement of facts containing the assertions of trial counsel as to appellant's "mistaken" election for the judge to sentence him. In *Schaired*, although we acknowledged our authority to abate for an evidentiary hearing in an appropriate case, citing *Williams v. State*, 780 S.W.2d 802, 803 (Tex.Crim.App.1989), we concluded that the interests of justice would not be served by abatement of the appeal because any further information that might be adduced at a hearing on the matter would not assist this Court in deciding whether appellant's conviction should be reversed because of ineffective assistance of trial counsel. 786 S.W.2d at 499. The instant case presents a similar situation. It is highly unlikely that an evidentiary hearing would provide any relevant facts in addition to those already before us.

Appellant's motion is overruled.