Roy Anthony HUIZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–430–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 8, 1992.

Rehearing Overruled Dec. 3, 1992.

Roberto G. Vela, Corpus Christi, for appellant.

Thomas L. Bridges, Patrick L. Flanigan, Asst. Dist. Atty., Sinton, for the State.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury convicted appellant of unauthorized use of a motor vehicle. Due to enhancement for two previous felony convictions, the trial court assessed punishment at twenty-five years' imprisonment. By three points of error, appellant urges reversal due to the denial of his motion for new trial and the erroneous admissions of police testimony and extraneous offenses. We affirm the trial court's judgment.

Appellant visited C & M Sales in Rockport, Texas and inquired about a Chevrolet station wagon that was for sale. Appellant discussed purchasing the vehicle with Phil Cross, a co-owner of C & M Sales. Cross gave appellant permission to test-drive the car around the block. When appellant did not return, Cross became concerned and sent a friend to look for appellant and the vehicle. Cross's friend returned and reported that the vehicle had pulled out in front of him as he was travelling towards Aransas Pass. Cross's friend spoke to appellant and told him that the car was not properly licensed or insured to drive on the street and that Cross wanted the car back. About an hour later, appellant still had not returned. The police were called. The police found appellant at his niece's house with the car, and they arrested him. Appellant claimed that he had simply driven to the homes of various relatives to get their opinions on the car.

In a separate trial, a jury found that appellant was not competent to stand trial. Appellant was admitted to Vernon State Hospital. He was later transferred to San Antonio State Hospital, where he was treated for schizophrenic and paranoic disorders. Approximately six months later, San Antonio State Hospital released him, recommending to the court that appellant face the charges against him.

By his first point of error, appellant contends that the trial court erroneously denied his motion for new trial by failing to afford him a hearing on the motion. The trial court entered judgment on May 8, 1991. Appellant timely filed a motion for new trial alleging jury misconduct. The motion was properly supported by an affidavit.[1] The State filed no controverting affidavit. Appellant's motion was overruled by operation of law pursuant to TEX. R.APP.P. 31(e)(3). Rule 31(c) requires the defendant to file *and* present his motion for new trial in order to have the motion considered by the trial court. *Enard v. State,* 764 S.W.2d 574, 575 (Tex.App.—Houston [14th] 1989, no pet.); *see also Martinez v. State,* 1992 WL 29909, No. 13-90-347 (Tex.App.—Corpus Christi February 20, 1992, n.w.h.) (not yet reported). The defendant must present his motion to the court within ten days after filing it, unless the trial judge permits it to be presented and heard within seventy-five days after the date sentence is imposed or suspended in open court. TEX.R.APP.P. 31(c)(1).

Appellant admits that the trial court set the motion for a hearing on July 3,

---

1. The affidavit of Jessie Flores states that, during deliberations, the bailiff told the jury that they needed to hurry because the trial judge had to be elsewhere. Appellant complained that, by virtue of this communication, the jury was rushed through their deliberations.

1991, within the seventy-five day period, but he failed to appear. The hearing was reset for August 6, 1991, on which date the trial court determined that its authority to hear the motion had already expired. It is undisputed that appellant and his attorney did not appear to urge the motion until a date more than 75 days after sentence was imposed. The right to file *and have heard* a motion for new trial is deemed absolute, provided the right is asserted within the time specified by law. *McIntire v. State*, 698 S.W.2d 652, 660 (Tex.Crim.App.1985); *see also Hafdahl v. State*, 805 S.W.2d 396, 400 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2250, 114 L.Ed.2d 491 (1991).

■ Appellant claims that he did not appear because the trial court failed to issue a bench warrant to secure his return from the Texas Department of Corrections Institutional Division. The docket sheet indicates that *both* appellant *and his attorney* failed to appear on July 3, 1991. No explanation for the attorney's absence appears on the record or in appellant's brief. The mere fact that appellant was in custody did not prevent his attendance. *Coons v. State*, 758 S.W.2d 330, 339 (Tex.App.— Houston [14th Dist.] 1988, pet. ref'd). Defense counsel, had he been present, could have requested a bench warrant to secure appellant's presence at the July 3 hearing. Nothing in the record indicates that either appellant or his attorney requested the trial court to issue a bench warrant. *See Coons*, 758 S.W.2d at 339; Tex.Code Crim. Proc.Ann. art. 24.13 (Vernon 1989).

■ It is undisputed that by the August 6 hearing, the trial court's authority to hear the motion for new trial had expired. The trial court did not deny appellant a hearing on his motion for new trial. The judge properly determined that the motion had been overruled by operation of law. A hearing conducted after a motion for new trial has been overruled by operation of law is not authorized and will not be considered on appeal. *Trevino v. State*, 565 S.W.2d 938, 940–41 (Tex.Crim.App.1978). Point one is overruled.

By point two, appellant claims that the trial court erred in permitting a police offi-

cer to give opinion testimony on the appellant's identity because the officer's opinion did not assist the jury, its probative value was substantially outweighed by its prejudicial effect, and it merely bolstered subsequent evidence.

Officer Jimmy Rankin of the Rockport Police Department testified that Mr. Cross described for him the individual who test-drove the vehicle. Over appellant's objection, Rankin was allowed to testify that, after receiving this description, in his opinion "the suspect could possibly [have been] Roy Anthony Huizar." Rankin then testified that he had prior contact with appellant, knew appellant's appearance, and that Cross's description was an accurate description of the appellant. He also knew that appellant lived within three blocks of C & M Sales.

A witness may not testify to a matter unless sufficient evidence is introduced to support a finding that he has personal knowledge of the matter. Tex.R.Crim.Evid. 602. Appellant complains that the State did not lay a proper predicate for the opinion evidence, and its admission was highly prejudicial because it permitted the jury to believe that appellant was commonly known to police. It is true that Rankin could not have testified from his own personal knowledge that appellant was the person who drove the car. However, that was not Rankin's testimony. He testified that he developed an opinion of who the suspect might have been when Cross gave him the description. Rankin attempted to elaborate on his prior contact with appellant, but defense counsel objected and was sustained. As such, the record of Rankin's testimony contains no evidence about appellant's prior criminal acts.

■ Appellant complains that the officer's statement that he knew appellant improperly allowed the jury to infer that appellant was well-known to police because he was a common criminal. We note that the officer did not specify the circumstances upon which his acquaintance with appellant was based. As stated above, Rankin did not detail his prior contact with appellant. The trial court sustained appellant's objection concerning any reference to

other criminal acts. Appellant did not move to strike, request a limiting instruction, or request an instruction to disregard. *Glenn v. State,* 465 S.W.2d 371, 372 (Tex. Crim.App.1971); *Franco v. State,* 400 S.W.2d 548, 549 (Tex.Crim.App.1966). Moreover, in light of the fact that both the State and appellant later properly adduced evidence on appellant's criminal history, (*see* point three, *infra*), any error arising from the connotations of the officer's testimony was rendered harmless. *See generally Mayes v. State,* 816 S.W.2d 79, 84–89 (Tex.Crim.App.1991) (admission of officer's testimony explaining purpose of administrative segregation and that defendant was in that unit was erroneous because it conveyed idea that appellant was a threat to other prisoners; error rendered harmless when other officer testified to same facts without objection); *see also Baldree v. State,* 784 S.W.2d 676, 687 (Tex.Crim.App. 1989), cert. denied 495 U.S. 940, 110 S.Ct. 2193, 109 L.Ed.2d 521 (1990). Point two is overruled.

By his third point of error, appellant contends that the trial court erroneously admitted evidence of extraneous offenses because its prejudicial effect outweighed its probative value.[2] Appellant's sister, Jessie Flores, testified that appellant suffers from paranoid schizophrenia. He has been treated for the condition numerous times. She stated that he very often lacks understanding. On cross-examination, the prosecutor asked appellant's sister if the only time her brother ever had emotional problems was when he was in trouble with the law. Appellant objected and was overruled.

To prove unauthorized use of a motor vehicle, the State had to show that appellant "intentionally and knowingly operated, without the effective consent ... of Phil Cross, one motor-propelled vehicle, to-wit, a 1978 Chevrolet station wagon...." *See Gardner v. State,* 780 S.W.2d 259, 261–63 (Tex.Crim.App.1989); Tex.Penal Code Ann. § 31.07 (Vernon 1989). Appellant's defense was that he intended to purchase the car and that he had mental problems that precluded him from forming the requisite intent to commit the offense. The State was entitled to admit evidence to refute those defensive theories. *See Williams v. State,* 662 S.W.2d 344, 346 (Tex.Crim.App.1983); *Bryson v. State,* 820 S.W.2d 197, 199 (Tex.App.—Corpus Christi 1991 n.w.h.); *Baldonado v. State,* 745 S.W.2d 491, 496 (Tex.App.—Corpus Christi 1988, pet. ref'd); Tex.R.Crim.Evid. 404(a)(1). The State did not enumerate the actual offenses or their details. The question was asked to show that appellant had a practice of using a suggested mental problem as an excuse to criminal charges. Such evidence would show that appellant's mental problem was contrived. The attempted evasion would tend to show that appellant knew he had behaved wrongfully. *See Jones v. State,* 699 S.W.2d 580, 582 (Tex.App.—Texarkana 1985, no pet.). The State's evidence was relevant on this point. The prejudicial effect of the evidence did not substantially outweigh its probative value. We find no error. Moreover, appellant later took the stand and testified to his past convictions. Point three is overruled.

The judgment of the trial court is AFFIRMED.

---

2. We note that under *Montgomery v. State,* 810 S.W.2d 372, 386, 392 (Tex.Crim.App.1991), relevant evidence is admissible unless otherwise prohibited by the rules. Relevant evidence may be deemed inadmissible if the prejudicial effect of the evidence *substantially* outweighs its probative value.