**Donald Gene PIFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–92–00948–CR, 01–92–00949–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 5, 1995.

Rehearing Overruled Jan. 26, 1995.

Discretionary Review Refused May 17, 1995.

**110**

Mark A. Goldberg, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee and Julian Ramirez, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and HUTSON–DUNN, JJ., concur.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a robbery conviction. After a plea of guilty, the trial judge assessed punishment at eight years. We abate and remand for an evidentiary hearing.

**Background**

Appellant was initially charged with aggravated robbery. On May 21, 1992, the State reduced the charge to robbery and appellant entered a plea of guilty with the agreed recommendation at eight years. On June 1, 1992, the trial judge sentenced appellant in accordance with the agreed recommendation. On July 1, 1992, appellant filed a motion for new trial. On August 26, 1992, after a hearing, the trial judge overruled appellant's motion for new trial.

In his first point of error, appellant contends that the trial judge erred by failing to withdraw appellant's plea of guilty and proceeding to enter judgment against appellant based on that plea instead of allowing appellant to enter a new plea.

On May 21, 1991, appellant entered a plea of guilty to the charge of robbery. At this hearing, appellant waived his rights to a jury trial, to cross-examine the State's witnesses, and to remain silent. Appellant stipulated under oath that he had committed the robbery. A written waiver of constitutional rights, agreement to stipulate, and judicial confession was signed by appellant and his attorney and entered into the record. The trial judge then reset the case for sentencing so appellant could "take care of some personal matters." On June 1, 1992, the trial judge entered judgment against appellant and assessed punishment at eight years confinement.

It is appellant's contention that the trial court allowed him to withdraw his plea, thus rendering any subsequent judgment based on that plea invalid. Appellant's support for this contention is found in a notation contained in the docket sheet. The record on appeal, however, shows a guilty plea, a waiver of rights signed by appellant, and the judgment based on the plea.

In *Rodriguez v. State*, 834 S.W.2d 592 (Tex.App.—Houston [1st Dist.] 1992), *rev'd on other grounds*, 844 S.W.2d 744 (Tex.Crim. App.1992), we were confronted with similar facts. The appellant in *Rodriguez* signed a similar waiver and stipulation of evidence and pled guilty. *Id.* He later changed his plea to not guilty. *Id.* The appellant complained on appeal that the waiver and stipulation of evidence were effectively revoked by the trial court's refusal to accept the plea bargain which had produced the waiver and stipulation. *Id.* at 594.

We disagreed, holding as follows:

The only indication before this Court that the trial court ever refused to accept a plea bargain is in the form of a docket sheet entry. We therefore now turn to the issue of whether we may look to the docket sheet as part of the record on appeal.

We hold that we may not do so. We agree with the Austin Court of Appeals that the docket sheet is not part of the record and that "[t]he record, not the docket entry, is the authoritative evidence upon which the parties must rely on appeal." *Bell v. State*, 734 S.W.2d 83, 83 (Tex.App.—Austin 1987, no pet.) (court refused to presume from docket sheet notation indicating that a complaint was filed that a complaint was actually filed). Aside from the docket sheet, there is nothing before us to suggest that the trial court ever refused to accept a plea bargain. We may not presume that this event occurred when the record does not reflect that it ever did.

*Id.* at 594–95.

■ Likewise, there is nothing in the record before us to indicate that the court withdrew appellant's plea. On the contrary, the record shows that the plea of guilty had been freely given and made voluntarily. Appellant and his attorney signed the waiver, the admonishments and the guilty plea. Judgment was entered and appellant was sentenced accordingly to eight years. Since the record before us does not support appellant's contention, we overrule appellant's first point of error.

In appellant's remaining points of error, appellant contends that the State withheld exculpatory evidence and that he was denied effective assistance of counsel. Since these points are based on testimony from appellant's motion for new trial, we will consider these points together.

■ Judgment was entered and sentence was imposed on June 1, 1992. A hearing on appellant's motion for new trial was not conducted until August 26, 1992. A court shall determine a motion for new trial within 75 days after the date sentence is imposed or suspended in open court. TEX.R.APP.P. 31(e)(1). A motion which is not timely determined by written order signed by the judge shall be considered overruled by operation of law upon the expiration of the 75 day period. TEX.R.APP.P. 31(e)(3). A hearing conducted after a motion for new trial has been overruled by operation of law is not authorized and will not be considered on appeal. *Trevino v. State*, 565 S.W.2d 938, 940–41 (Tex. Crim.App.1978); *Huizar v. State*, 841 S.W.2d 875, 877 (Tex.App.—Corpus Christi 1992, no pet.).

Appellant *does not* assert that the setting of the hearing more than 75 days after sentencing constituted a denial of a hearing and therefore, an abuse of discretion. *Vera v. State*, 836 S.W.2d 344, 348 (Tex.App.—Amarillo 1992, no pet.).

Appellant insists, however, that this statutory time limit cannot deprive him of a constitutional right. He relies upon *Morales v. State*, 587 S.W.2d 418 (Tex.Crim.App.1980), for the proposition that "a statute governing the time for filing motions for new trial cannot be applied so as to deprive an accused of a right secured by the Constitution." *Id.* at 421. (citing *Whitmore v. State*, 570 S.W.2d 889 (Tex.Crim.App.1977) (op. on reh'g)).

We agree with the State that the trial court had no jurisdiction to grant a new trial. In fact, the appellant makes no assertion that the trial court was in error in overruling the new trial motion. The record of the out of time hearing is before us, however, and reveals that the complainant told the prosecutor that the appellant did not appear to be her attacker and that she was never knocked to the ground as the indictment charged. The prosecutor never revealed this critical and exculpatory evidence to the appellant or his counsel. The record also reveals serious alleged deficiencies in the appellant's trial representation and a possible conflict of interest in the trial counsel acting as bondsman and attorney.

■ The State does not dispute that this kind of evidence could be considered in a post judgment writ. *Schaired v. State,* 786 S.W.2d 497, 498 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The State asserts, however, that the prosecutor may not have "fully" participated at the new trial hearing because he knew it was out of time, and therefore, the record may be biased toward the defense position.[1] The Court of Criminal Appeals has considered evidence of ineffectiveness contained in an out of time motion for new trial. *Carter v. State,* 641 S.W.2d 557 (Tex.Crim.App.1982). This court has the authority to abate an appeal at any time for an evidentiary hearing if necessary. *Padilla v. State,* 889 S.W.2d 1 (Tex.App.—Houston [1st Dist.], 1990, no pet.); *Schaired,* 786 S.W.2d at 498.

■ The record of the out of time hearing demonstrates serious doubts as to whether the appellant was effectively represented, and whether or not the State revealed exculpatory evidence in conformance with *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962). Justice demands further inquiry, and judicial economy suggests it be made in the present proceeding rather than waiting for an inevitable writ of habeas corpus.

This appeal is abated and the case is remanded to the trial court for an evidentiary hearing on appellant's complaints concerning

his trial representation and the state's failure to reveal exculpatory evidence. The trial court is to prepare findings of fact and conclusions of law. After a review of the court's findings, the statement of facts and further briefing, we will rule on the merits.

MIRABAL, J., concurs in part and dissents in part.

MIRABAL, Justice, concurring and dissenting in part.

I agree with the decision to abate and remand for an evidentiary hearing. I dissent from the overruling of appellant's first point of error; in my opinion, before ruling on the first point of error, we should have the benefit of the record generated by the evidentiary hearing we have ordered upon abatement.

The majority states there is nothing in the record before us to indicate the trial court withdrew appellant's plea, other than a docket sheet entry, which the majority declines to consider. The majority has chosen to ignore the sworn testimony from the out-of-time motion for new trial hearing, which shows the following:

—Appellant's trial counsel acted as appellant's bondsman on the case. On May 21, 1992, appellant entered a plea of guilty to the lesser included offense of robbery, pursuant to a plea bargain under which appellant would be sentenced to eight-years confinement. The trial judge deferred finding appellant guilty, resetting the case for formal judgment and sentencing at a later date. Approximately two-weeks later, on June 1, 1992, appellant appeared in court and told the court and his trial counsel that he did not want to plead guilty because he was innocent. The trial court allowed appellant to withdraw his plea of guilty and placed appellant in the holding cell. Appellant's trial counsel told appellant if he did not plead guilty, his trial counsel would "get off the bond." The trial court set a new bond for $20,000, revoking the old bond. After further discussion the trial court "allowed the plea to withstand," and appellant was sentenced to eight years confinement on June 1, 1992. The only

---

1. The prosecutor was present and cross-examined all witnesses.

"Plea of Guilty" and "Admonishments, Statements and Waivers of Defendant" in the file were each signed on May 21, 1992; none were signed on June 1, 1992.

Appellant is asking us to consider the above, and other sworn testimony from the hearing, in connection with matters he could otherwise raise in a post-conviction habeas corpus proceeding: ineffective assistance of counsel, *Brady* error,[1] and the propriety of a conviction without a plea.[2] *Ex parte Brandley,* 781 S.W.2d 886, 887, (Tex.Crim.App. 1989) (recognizing cognizability of due process claims in habeas corpus proceedings).

The prosecutor was present during the hearing at which the foregoing testimony was adduced, and conducted cross-examination of the witnesses. In my opinion, it is totally appropriate for us to consider this sworn testimony in connection with appellant's complaints under his point of error one.

In my opinion, in the interest of justice, we should abate this appeal and remand the matter to the trial court for a full evidentiary hearing to determine *not only* whether appellant was denied effective assistance of counsel, and whether the State committed *Brady* error, *but also* to determine whether appellant was convicted without an effective plea to the indictment.

---

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962) (prohibits State suppression of evidence favorable to an accused where evidence is material to guilt or punishment). *See Crutcher v. State,* 481 S.W.2d 113 (Tex.Crim.App.1972).

2. Appellant argues that once his plea was withdrawn, a new plea was required. Appellant cites *Lumsden v. State,* 384 S.W.2d 143, 144 (Tex.Crim.App.1964) for the proposition that the failure of a defendant to enter a plea to an indictment is a jurisdictional defect making the trial a nullity.