JESSE RAMOS V. THE STATE OF TEXAS

NO. 07-99-0378-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 14, 2000

______________________________

 

JESSE RAMOS,

Appellant

 v.

THE STATE OF TEXAS, 

Appellee

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. W-32130-01-B; HON. SAMUEL KISER, PRESIDING

ABATE AND REMAND

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Appellant, Jesse Ramos, appeals from an order denying his application for writ of habeas corpus.  Judgment was entered in 1993 convicting him of aggravated sexual assault.  Believing that the conviction was improper, appellant petitioned the 181
st
 Judicial District Court for habeas relief.  The grounds alleged which purportedly entitled him to relief were numerous.  Furthermore, many were fact-dependent, such as the allegations regarding newly discovered evidence, the effectiveness of trial counsel, and purported jury misconduct.  Yet, despite appellant’s request for one, no evidentiary hearing was held by the trial court prior to its denial of the application and issuance of findings of fact and conclusions of law.

Given the lack of an evidentiary record and our conclusion that there exists unresolved questions of fact which warrant an evidentiary hearing, we cannot adequately address appellant’s complaints on appeal.  
See Ex parte Chambers
, 612 S.W.2d 572, 573-74 (Tex. Crim. App. 1981) (holding that a hearing is required if there are controverted or unresolved issues of fact material to the legality of the applicant’s restraint).  Thus, we abate and remand the cause to the trial court for an evidentiary hearing pursuant to 
Pifer v. State
, 893 S.W.2d 109 (Tex. App.–Houston [1
st
 Dist. 1995, pet. ref’d.) (holding that an appellate court has the authority to abate an appeal at any time for an evidentiary hearing if necessary).  

We further order the judge of the 181
st
 Judicial District Court (trial court) to 1) schedule the hearing at the earliest date permitted by its docket, and 2) provide reasonable prior notice of the hearing to all parties of record.  At the hearing, the parties shall be afforded reasonable opportunity, as determined by the trial court, to present admissible evidence relevant to their respective allegations.  Immediately upon completion of the hearing, the trial court 
shall then cause the testimony and evidence presented to be transcribed and incorporated into a supplemental reporter’s record and cause the supplemental reporter’s record to be filed with the clerk of this court.  Any orders that the 

trial court may issue in furtherance of our directives herein must be included in a supplemental clerk’s record which the trial court shall also cause to be filed contemporaneously with the supplemental reporter’s record.   

Per Curiam

Do not publish.