COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-431-CR

 

 

SEAN
JACOB FAGAN                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Sean Jacob Fagan appeals his conviction
for burglary of a building.  In a single
issue, Fagan argues that the trial court erred by appointing the same attorney
to represent him who had previously been allowed to withdraw as his
counsel.  We will affirm.








In September 2007, Fagan pleaded guilty to the
offense of burglary of a building, and the trial court sentenced him to three
years=
deferred adjudication community supervision. 
The State filed a petition to proceed to adjudication in April 2008,
alleging that Fagan had violated several conditions of his community
supervision.  In August 2008, Fagan=s
counsel, J. Rex Barnett, filed a motion to withdraw as counsel.  The record contains an unsigned order
granting the motion to withdraw, but an August 13, 2008 docket sheet entry
states, AMotion
to Withdraw as Counsel Filed and Granted.@

Before the hearing on the State=s
petition to proceed to adjudication, Fagan signed a document in which he waived
his right to an appointed attorney. 
Barnett represented Fagan at the hearing on the State=s
petition.  Fagan pleaded true to each of
the paragraphs in the State=s
petition, and the trial court found him guilty of burglary of a building and
sentenced him to 365 days= confinement in the state jail
division of the Texas Department of Criminal Justice.








In his sole issue, Fagan argues that the trial
court erred by appointing the same attorney to represent him whom he had
previously retained and fired.  He
contends that the trial court failed to comply with state and local laws or
rules regarding appointment of counsel[2]
because the trial court (1) did not appoint Fagan appellate counsel from the
rotation of qualified attorneys, (2) appointed counsel according to its own
system, (3) did not hold a hearing to determine why Fagan wanted to proceed
without this particular attorney, and (4) failed to make a finding of good
cause on the record for appointing an attorney out of order.  Without any explanation, Fagan argues that he
was Aprejudiced@ by the
trial court=s alleged error.

The record does not support Fagan=s
argument.  There is no signed order in
the record before this court granting Barnett=s motion
to withdraw, and there is no order appointing Barnett to represent Fagan.  Although there is a docket sheet entry
stating that Barnett=s motion to withdraw was
granted, the docket sheet entry cannot stand as an order granting the motion to
withdraw or as an order appointing Barnett to represent Fagan.[3]








Furthermore, before the hearing on the State=s
petition, Fagan signed a document containing a AWaiver
of Appointed Counsel,@ in which he affirmed, AI wish
to waive my right to an appointed attorney at this time.  I do not want the magistrate to appoint an
attorney for me at this time.@  And Barnett, whom Fagan acknowledges was his Aretained@ counsel
at least at one point in the case, represented Fagan at the hearing on the
State=s
petition.  Thus, as the State points out,
the record supports an inference that Fagan re-hired Barnett to represent him
at the hearing on the State=s
petition to proceed just as much, if not more, than it supports an inference
(which is what Fagan=s argument is centered on) that
the trial court appointed Barnett to represent Fagan.  Accordingly, Fagan=s
argument is without merit because it is not supported by the record.








In addition to an unsupported record, Fagan was
represented by able counsel at the hearing on the State=s
petition, and he does not assert any complaint about Barnett=s
representation, including that Barnett was ineffective, that he was deprived of
qualified counsel, or that he could not adequately communicate with
Barnett.  Thus, Fagan has not shown that
he suffered any harm resulting from the trial court=s
alleged failure to comply with the applicable state or local rules regarding
appointment of attorneys for indigent defendants.  See Tex. R. App. P. 44.2(b) (providing
that non-constitutional error that does not affect substantial rights must be
disregarded); Hughes v. State, 24 S.W.3d 833, 837B38 (Tex.
Crim. App. 2000), cert. denied, 531 U.S. 980 (2000) (applying rule of
appellate procedure 44.2(b) harm analysis to argument that the State deprived
appellant of qualified trial counsel by failing to comply with the procedure in
code of criminal procedure article 26.052).[4]  We overrule Fagan=s sole
issue and affirm the trial court=s
judgment.

 

 

PER
CURIAM

 

 

PANEL:  MEIER, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED:  July 9, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc.
Ann. art. 26.04 (Vernon 2009) (providing that the judges of the county courts,
statutory county courts, and district courts trying criminal cases in each
county, by local rule, shall adopt and publish written countywide procedures
for timely and fairly appointing counsel for an indigent defendant); Tarrant
(Tex.) Loc. R. (Criminal Proceedings in Felony Cases) 5.53 (stating that
appointment of counsel to represent indigent defendants will be governed by the
Tarrant County District Courts= Felony Court Appointment Plan).





[3]See State v. Shaw, 4 S.W.3d 875, 878 (Tex.
App.CDallas 1999, no pet.)
(stating that a court may only act by orders duly recorded in its minutes; that
the order must be reduced to writing, signed by the trial judge, and entered in
the record; that a docket sheet entry is a memorandum made for the convenience
of the trial court and clerk; and that docket sheet entries are not part of the
record because they are inherently unreliable, lacking the formality of orders
and judgments); Pifer v. State, 893 S.W.2d 109, 111 (Tex. App.CHouston [1st Dist.] 1995,
pet. ref=d) (agreeing with other
intermediate appellate court that the docket sheet is not part of the record
and that the record, not the docket entry, is the authoritative evidence upon
which the parties must rely on appeal).





[4]In Hughes, the
court of criminal appeals disagreed with the appellant=s argument that the
failure to comply with article 26.052 was constitutional error, stating that A[f]ailure to adhere to
statutory procedures serving to protect a constitutional provision is a
violation of the statute, not a violation of the constitutional provision
itself.@  Hughes, 24 S.W.3d at 838 n.2.