

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-431-CR

SEAN JACOB FAGAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Sean Jacob Fagan appeals his conviction for burglary of a building. In a single issue, Fagan argues that the trial court erred by appointing the same attorney to represent him who had previously been allowed to withdraw as his counsel. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

In September 2007, Fagan pleaded guilty to the offense of burglary of a building, and the trial court sentenced him to three years' deferred adjudication community supervision. The State filed a petition to proceed to adjudication in April 2008, alleging that Fagan had violated several conditions of his community supervision. In August 2008, Fagan's counsel, J. Rex Barnett, filed a motion to withdraw as counsel. The record contains an *unsigned* order granting the motion to withdraw, but an August 13, 2008 docket sheet entry states, "Motion to Withdraw as Counsel Filed and Granted."

Before the hearing on the State's petition to proceed to adjudication, Fagan signed a document in which he waived his right to an appointed attorney. Barnett represented Fagan at the hearing on the State's petition. Fagan pleaded true to each of the paragraphs in the State's petition, and the trial court found him guilty of burglary of a building and sentenced him to 365 days' confinement in the state jail division of the Texas Department of Criminal Justice.

In his sole issue, Fagan argues that the trial court erred by appointing the same attorney to represent him whom he had previously retained and fired. He contends that the trial court failed to comply with state and local laws or rules

regarding appointment of counsel[2] because the trial court (1) did not appoint Fagan appellate counsel from the rotation of qualified attorneys, (2) appointed counsel according to its own system, (3) did not hold a hearing to determine why Fagan wanted to proceed without this particular attorney, and (4) failed to make a finding of good cause on the record for appointing an attorney out of order. Without any explanation, Fagan argues that he was "prejudiced" by the trial court's alleged error.

The record does not support Fagan's argument. There is no signed order in the record before this court granting Barnett's motion to withdraw, and there is no order appointing Barnett to represent Fagan. Although there is a docket sheet entry stating that Barnett's motion to withdraw was granted, the docket sheet entry cannot stand as an order granting the motion to withdraw or as an order appointing Barnett to represent Fagan.[3]

---

[2] *See* Tex. Code Crim. Proc. Ann. art. 26.04 (Vernon 2009) (providing that the judges of the county courts, statutory county courts, and district courts trying criminal cases in each county, by local rule, shall adopt and publish written countywide procedures for timely and fairly appointing counsel for an indigent defendant); Tarrant (Tex.) Loc. R. (Criminal Proceedings in Felony Cases) 5.53 (stating that appointment of counsel to represent indigent defendants will be governed by the Tarrant County District Courts' Felony Court Appointment Plan).

[3] *See State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) (stating that a court may only act by orders duly recorded in its minutes; that the order must be reduced to writing, signed by the trial judge, and entered in the record; that a docket sheet entry is a memorandum made for the

3

Furthermore, before the hearing on the State's petition, Fagan signed a document containing a "Waiver of Appointed Counsel," in which he affirmed, "I wish to waive my right to an appointed attorney at this time. I do not want the magistrate to appoint an attorney for me at this time." And Barnett, whom Fagan acknowledges was his "retained" counsel at least at one point in the case, represented Fagan at the hearing on the State's petition. Thus, as the State points out, the record supports an inference that Fagan re-hired Barnett to represent him at the hearing on the State's petition to proceed just as much, if not more, than it supports an inference (which is what Fagan's argument is centered on) that the trial court appointed Barnett to represent Fagan. Accordingly, Fagan's argument is without merit because it is not supported by the record.

In addition to an unsupported record, Fagan was represented by able counsel at the hearing on the State's petition, and he does not assert any complaint about Barnett's representation, including that Barnett was ineffective,

_____

convenience of the trial court and clerk; and that docket sheet entries are not part of the record because they are inherently unreliable, lacking the formality of orders and judgments); *Pifer v. State*, 893 S.W.2d 109, 111 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (agreeing with other intermediate appellate court that the docket sheet is not part of the record and that the record, not the docket entry, is the authoritative evidence upon which the parties must rely on appeal).

4

that he was deprived of qualified counsel, or that he could not adequately communicate with Barnett. Thus, Fagan has not shown that he suffered any harm resulting from the trial court's alleged failure to comply with the applicable state or local rules regarding appointment of attorneys for indigent defendants. *See* Tex. R. App. P. 44.2(b) (providing that non-constitutional error that does not affect substantial rights must be disregarded); *Hughes v. State*, 24 S.W.3d 833, 837–38 (Tex. Crim. App. 2000), *cert. denied*, 531 U.S. 980 (2000) (applying rule of appellate procedure 44.2(b) harm analysis to argument that the State deprived appellant of qualified trial counsel by failing to comply with the procedure in code of criminal procedure article 26.052).[4] We overrule Fagan's sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

---

[4] In *Hughes*, the court of criminal appeals disagreed with the appellant's argument that the failure to comply with article 26.052 was constitutional error, stating that "[f]ailure to adhere to statutory procedures serving to protect a constitutional provision is a violation of the statute, not a violation of the constitutional provision itself." *Hughes*, 24 S.W.3d at 838 n.2.

DELIVERED:  July 9, 2009