**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**MEMORANDUM ORDER OF CONTINUING ABATEMENT**

Appellate case name:        Simon Bazille v. The State of Texas

Appellate case number:    01-11-00647-CR

Trial court case number:    1261252

Trial court:                        180th District Court of Harris County

The complete record has been filed in the above-referenced appeal. Appellant's appointed counsel, Emily Munoz Detoto, has not filed a brief on appellant's behalf. Appellant's brief was first due on October 19, 2011. The Court has granted two extension of time to file a brief. On January 30, 2012, the Court ordered that a brief be filed by February 16, 2012 and stated that no further motions for extension would be entertained by the Court. On March 21, 2012, the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. Appellant did not respond.

On June 25, 2012, we abated the appeal and remanded for the trial court to immediately conduct a hearing at which appellant, a representative of the Harris County District Attorney's Office, and appellant's counsel, Emily Munoz Detoto, were to be be present. *See* TEX. R. APP. 38.8(b)(2). We directed a court reporter record the hearing and that the trial court

(1)  determine whether appellant wished to prosecute the appeal; and, if so,
(2)  determine whether good cause existed to relieve Emily Munoz Detoto of her duties as appellant's counsel; and,
    a.  if good cause did exist, enter a written order relieving Emily Munoz Detoto of her duties as appellant's counsel and appoint substitute appellate counsel at no expense to appellant; or
    b.  if good cause did not exist, set a date certain when appellant's brief is due, regardless of whether this Court had yet reinstated the appeal and no later than 30 days from the date of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d), 26.04(j)(2) (West Supp. 2011); TEX. R. APP. P. 38.8(b). We directed that a supplemental clerk's record containing the trial court's findings and recommendations be filed in this Court.

On July 18, 2012, a supplemental clerk's record was filed in this Court, containing only a docket sheet that states, "[t]he court held an abatement hearing on the record. It was decided that the defendant wishes to pursue his appeal and Emily Munoz will remain as counsel."

The record filed does not comply with this Court's order because it does not contain written findings by the trial court on each of the issues identified in our order. Further, a docket sheet is not part of the record on appeal. *See Pifer v. State*, 893 S.W.2d 109, 111 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (stating that docket sheet is not part of record and that record, not docket entry, is authoritative evidence upon which parties must rely on appeal); *see also State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) (stating that a docket sheet entry is a memorandum made for convenience of trial court and clerk, and that docket sheet entries are not part of record because they are "inherently unreliable"). A reporter's record of the hearing has not been filed.

We again direct the trial court to immediately conduct a hearing at which appellant, a representative of the Harris County District Attorney's Office, and appellant's counsel, Emily Munoz Detoto, shall be present. *See* TEX. R. APP. 38.8(b)(2).[1] The trial court shall

(1) make a written finding on whether appellant wishes to prosecute the appeal; and, if so,
(2) make a written finding on whether good cause exists to relieve Emily Munoz Detoto of her duties as appellant's counsel; and,
   a. if good cause exists, enter a written order relieving Emily Munoz Detoto of her duties, including in the order the basis for finding good cause, and appoint substitute appellate counsel at no expense to appellant; or
   b. if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The trial court's written findings and recommendations on each of these matters, and any orders issued pursuant to this hearing, shall be included in a supplemental clerk's record and filed in this Court **no later than 30 days from the date of this order**. The trial court shall have a court reporter record the hearing and file the reporter's record in this Court **no later than 30 days from the date of this order**. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court **no later than 30 days from the date of this order.**

---

1     Appellant shall be present for the hearing in person or, if appellant is incarcerated and at the trial court's discretion, appellant may participate by video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record containing trial court findings and recommendations that comply with this order and a reporter's record of the hearing are filed in this Court. The coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.


Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>

               ☑ Acting individually     ☐ Acting for the Court


Date: August 22, 2012