**Opinion issued January 10, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————

NOS. 01-11-00977-CR
01-11-00978-CR
01-11-00979-CR

———————

**JORGE ALBERTA ZELAYA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————————————————————————————————

On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 1132278, 1132279, & 1132280

———————————————————————————————————————

**MEMORANDUM OPINION**

Appellant, Jorge Alberto Zelaya, pleaded guilty to the offenses of aggravated sexual assault of a child,[1] aggravated robbery,[2] and burglary of a habitation with intent to commit aggravated sexual assault of a child.[3] The trial court assessed punishment of confinement for life in each case, with the sentences to run concurrently. On appeal, we affirmed the trial court's judgments. *See Zelaya v. State*, No. 01-09-00376-CR, 01-09-00377-CR, 01-09-00378-CR, 2010 WL 1729345, at *5 (Tex. App.—Houston [1st Dist.] Apr. 29, 2010, pet. ref'd) (mem. op., not designated for publication). Appellant later filed a motion for judgment nunc pro tunc in each case, seeking to change the judgment to reflect his "real name," Jaime Alexander Carranza. In each case, appellant attempts to appeal from the district clerk's notice that the trial court denied his motion for judgment nunc pro tunc.

We dismiss the appeals for lack of jurisdiction.

As a prerequisite to presenting a complaint for review, the record must show that a complaint was made to the trial court and that the trial court ruled on the motion, either explicitly or implicitly, or refused to rule and that the complaining party objected. *See* TEX. R. APP. P. 33.1. The record before us in each case does not contain an order denying appellant's motion. The docket sheet in each case reflects

---

[1]     Trial court cause number 1132278 and appellate cause number 01-11-00977-CR.

[2]     Trial court cause number 1132279 and appellate cause number 01-11-00978-CR.

[3]     Trial court cause number 1132280 and appellate cause number 01-11-00979-CR.

that the trial court denied appellant's motion; however, a docket sheet is not part of the record on appeal. *Pifer v. State*, 893 S.W.2d 109, 111 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd).

Even if the trial court were to sign an order memorializing the docket sheet entry in each case, we still do not have jurisdiction over the appeals. The denial of a motion for judgment nunc pro tunc is not an appealable order. *See Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd); *see e.g., Pope v. State*, 05-10-01455-CR, 2011 WL 924477, at *2 (Tex. App.—Dallas, Mar. 18, 2011, no pet.) (mem. op., not designated for publication); *Loftin v. State*, 02-10-00531-CR, 2011 WL 476858, at *1 (Tex. App.—Fort Worth, Feb. 10, 2011, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss the appeal in each cause number for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).