**Vicky Lynn PARKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–95–01193–CR, 01–95–01194–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 4, 1997.

Rehearing Overruled Feb. 12, 1998.

Charles Freeman, Houston, for Appellant.

John B. Holmes, Carol M. Cameron, Houston, for Appellee.

Before D. CAMILLE HUTSON–DUNN,* WILSON and ANDELL, JJ.

## OPINION

D. CAMILLE HUTSON–DUNN, Justice (Retired).

Appellant, Vicky Lynn Parks, pleaded guilty without an agreed recommendation to three counts of theft and to one count of bond jumping, and the trial court sentenced her to 10–years imprisonment for each count.[1] Appellant brings six points of error, contending her guilty pleas were not voluntary. We affirm.

In point of error one, appellant claims the trial court erred in failing to sign appellant's consent to stipulate to evidence of guilt in both the theft and bail-jumping cases. Article 1.15 of the Code of Criminal Procedure states as follows:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however that it shall be necessary for the state to intro-

duce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and shall be filed in the file of the papers of the cause.

TEX.CODE CRIM. P. ANN. art. 1.15 (Vernon Supp.1998) (emphasis added).

■ The Court of Criminal Appeals has held that article 1.15 mandates the trial court's written approval of a defendant's waiver and consent. *McClain v. State*, 730 S.W.2d 739, 742 (Tex.Crim.App.1987). The trial court must sign the consent to stipulate in order for the defendant's stipulation of evidence to be effective. *Id.*

■ In this case, the trial court did not sign the consent to stipulate. However, the defendant's guilty plea can still be affirmed if there is other evidence in the record to support the guilty plea. *McClain*, 730 S.W.2d at 743; *Messer v. State*, 729 S.W.2d 694, 695–96 (Tex.Crim.App.1986). Appellant was charged with theft and bond jumping. The elements of theft are:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

---

* Justice Hutson–Dunn, who retired on December 31, 1996, continues to sit by assignment for the disposition of this case, which was submitted before that date.

1. In trial court cause number 620,032 (appellate cause number 01–95–01193–CR), the trial court

convicted appellant of bail jumping. In trial court cause number 562,719 (appellate cause number 01–95–01194–CR), the trial court convicted appellant of three counts of theft (third-degree-felony theft for count one and second-degree-felony theft for counts two and three).

(1) it is without the owner's effective consent;

....

(e) Except as provided by Subsection (f) of this section, an offense under this section is:

....

(4) a felony of the third degree if:

(A) the value of the property stolen is $750 or more but less than $20,-000....

(5) a felony of the second degree if:

....

(B) the value of the property stolen is $20,000 or more

....

Act of May 27, 1985, 69th Leg., R.S., ch. 599, sec. 1, § 31.03(a), (b), (e), 1985 Tex. Gen. Laws 2244, 2244 (TEX. PENAL CODE § 31.03(a), (b), (e), since amended).

The elements of bond jumping are:

(a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release.

....

(f) An offense under this section is a felony of the third degree if the offense for which the actor's appearance was required is classified as a felony.

TEX. PENAL CODE ANN. § 38.10(a), (f) (Vernon 1994).

■ There is evidence in the record that appellant unlawfully appropriated property with the intent to deprive the owner of the property:

Q: And subsequent to that, to hiring her and having her work with you, did you discover she stole from you?

A: While she worked, yes, we did discover that.

....

A: ... I would be in the office and I would get a check to sign for AYS and I thought it was a company in Dallas. Vickie set up [sic] company; she was AYS, I guess....

Q: As part of the theft itself, what did Ms. Parks do to your computer records for your company?

A: She destroyed them before she left.

Q: Do you know what years of records she destroyed on the computer?

A: She destroyed everything in the hard drive and took everything on floppy disks and the ledger.

There must also be proof of the amount of the theft for appellant to be guilty of a second degree felony. The record contains the following proof that the amount of the theft was $20,000 or more:

Q: First of all, let's talk about you personally. How did the fact that Ms. Parks stole $160,000 affect you personally?

....

A: ... We could stand a $3,000 loss; we could stand a $7,000 loss. But when it got to $120,000 and $150,000 and then $170,000, I couldn't maintain my business without having that money.

We conclude there is sufficient evidence in the record to support the judgment rendered by the court on the three counts of theft.

■ As to the bail-jumping conviction, the record reveals that appellant was placed under bond to insure her appearance in the three theft charges. That bond is a part of this record. On July 31, 1991, following appellant's pleas of guilty to the theft charges, the court withheld a finding of guilt until the presentence investigation (PSI) report could be prepared. The court then reset the case until August 30, 1991, to allow appellant to bring to the court a cashier's check payable to the complainant in the amount of $5,000. The court stated that if appellant brought the check on August 30, the case would be reset for ninety days to allow appellant to bring another $5,000 cashier's check payable to the complainant. The docket sheet indicates appellant appeared with her attorney on August 30, 1991, and presented the first $5,000. At that time, the court ordered appellant to return on December 11, 1991, with the second $5,000 check. On that date, the bailiff called for appellant in open court, but appel-

lant did not answer. The trial court ordered the bond forfeited and ordered a capias to issue.

Appellant appeared in court on August 17, 1995, and the court set her bond at $75,000. On August 31, appellant appeared for a hearing on the bond-jumping charge. Appellant pleaded guilty and acknowledged she had already pleaded guilty in the three theft cases. The court then proceeded with a punishment hearing on all charges. Appellant acknowledged the PSI report was before the court, as well as a letter from her offered into the record by her attorney regarding the bond-jumping case. The court stated it had read appellant's letter. Following are portions of that letter applicable to the bond-jumping case:

Honorable Judge Keel,

. . . .

I'm writing to you to let you know how sorry I am for leaving, but I was so afraid of what would happen to me if I didn't have the $5000 to pay in court . . . . I was under so much stress, that I decided the best thing for me to do was to go home, not the most logical thing to do. Since I left I have not been in any trouble with the law.

. . . .

/s/ Vicky Jones Parks

In addition, appellant testified as follows during the punishment phase:

I left not because I was making a joke of the system. I was scared. That's the reason, not because I thought the system was a joke.

We conclude there is sufficient evidence in the record to support the judgment rendered on the count of bail jumping. Therefore, we overrule point of error one.

■ In point of error two, appellant contends the trial court committed reversible error "by failing to find appellant guilty." We assume from appellant's argument that she is asserting that the court did not find her guilty before pronouncing sentence on the theft counts. However, we note that the judgments contain the following language:

And it appearing to the Court that the Defendant is mentally competent to stand trial, the plea is freely and voluntarily made, and the Defendant is aware of the consequences of his plea, the plea is hereby received by the Court and entered of record. The Court, having heard the evidence submitted, found the Defendant guilty of the offense indicated above, a felony.

The absence of an express oral pronouncement of guilt by the trial court does not render the written judgment void. *Villela v. State,* 564 S.W.2d 750, 750 (Tex.Crim.App. 1978).

We overrule point of error two.

■ In points of error three and four, appellant complains that the trial court erred by failing to find her guilty before the court punished her (point three) and by depriving her of a separate hearing on proper punishment (point four). Appellant argues that the trial court should have decided the issue of guilt and then determined the issue of punishment. This would be a bifurcated trial, which is not necessary when the defendant pleads guilty. *Frame v. State,* 615 S.W.2d 766, 767 n. 1 (Tex.Crim.App.1981). Once a guilty plea has been entered, a unitary procedure should be used. *Id.* We overrule points of error three and four.

■ In points of error five and six, appellant complains that her lawyer failed to render effective assistance of counsel on the issues of her guilt (point five) and proper punishment (point six). There is a two-prong test used to evaluate an ineffective-assistance-of-counsel claim at the guilt/innocence stage of a trial. First, a defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced or harmed her. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To show prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Appellant claims her trial counsel was ineffective at the guilt/innocence stage of her trial for failing to object to certain victim impact testimony. We fail to see how this could have affected appellant's decision to plead guilty. Therefore, appellant has failed the prejudice prong of the *Strickland* test. We overrule point of error five.

▮▮▮ The test for determining an ineffective-assistance-of-counsel claim at the punishment stage of a trial is whether counsel was reasonably likely to render and did render reasonably effective assistance. *Ex parte Duffy*, 607 S.W.2d 507, 514 n. 14 (Tex. Crim.App.1980); *Lee v. State*, 874 S.W.2d 220, 224 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Generally, the constitutional right to effective assistance of counsel is not the right to errorless counsel. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992); *Nelson v. State*, 881 S.W.2d 97, 100 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

Appellant claims that her trial counsel should have objected to victim impact testimony, unadjudicated extraneous act testimony, and nonvictim impact claims. Many of the statements of which appellant complains are found in letters that were not introduced into evidence. Since these letters were not introduced into evidence, appellant's counsel could not object to them. We will, therefore, only consider the testimony given by the complainant at trial.

▮▮▮ Appellant claims that statements made by the complainant—that appellant embezzled over $160,000, destroyed the computer records, and stole the written records—constitute inadmissible extraneous offenses. Appellant also claims that the complainant gave inadmissible testimony concerning how this incident affected his life. However, evidence that goes to the circumstances of the offense itself is admissible at the punishment phase of trial. *Stavinoha v. State*, 808 S.W.2d 76, 78–79 (Tex. Crim.App.1991); *Miller–El v. State*, 782 S.W.2d 892, 895 (Tex.Crim.App.1990).[2] We hold that the complained-of statements amount to circumstances of the offense which were admissible at the punishment stage of the trial.

▮▮▮ The failure of trial counsel to object to admissible evidence does not constitute ineffective assistance of counsel. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App. 1992). Thus, appellant has not shown that trial counsel did not render reasonably effective assistance.

We overrule point of error six.

We affirm the judgments in both cause number 562,719 and cause number 620,032.

ANDELL, J., concurs and dissents.

ANDELL, Justice, concurring and dissenting.

I concur with the majority's judgment in trial court cause number 562,719 (appellate cause number 01–95–01194–CR) because there is sufficient evidence—independent from appellant's guilty plea—to affirm her conviction for theft.[1] I respectfully dissent, however, from the majority's judgment in trial court cause number 620,032 (appellate cause number 01–95–01193–CR). There is no *independent* evidence in the record on which this Court can affirm appellant's bond–jumping conviction.

The majority relies on the trial court's docket sheet and appellant's trial testimony and letter to Judge Keel to demonstrate that appellant failed to appear in court. First, the docket sheet is not part of the appellate record. *Pifer v. State*, 893 S.W.2d 109, 111 (Tex.App.—Houston [1st Dist.]1995, pet.

---

2. These appeals are not governed by Code of Criminal Procedure article 37.07 because the offenses were committed in November 1989 to January 1990 (trial court cause number 562,719) and December 1991 (trial court cause number 620,032). Tᴇx.Cᴏᴅᴇ Cʀɪᴍ P. Aɴɴ. art. 37.07(3)(a) (Vernon Supp.1998).

1. The State does not argue on appeal that other evidence exists in the record to support appel-

lant's convictions. The State instead argues that: (1) the consent to stipulate to evidence of guilt was not defective; (2) error, if any, is harmless; and (3) harmful error, if any, can be corrected by a nunc pro tunc judgment. Surprisingly, the State neither attempts to distinguish the leading case on the acceptance of guilty pleas, *McClain v. State*, nor otherwise address it. *McClain*, 730 S.W.2d 739 (Tex.Crim.App. 1987).

ref'd).[2] Second, appellant's trial testimony and letter are tainted by the trial court's failure to sign her consent to stipulate to evidence of guilt. If a defendant's oral testimony and letter requesting leniency in punishment were sufficient to uphold a conviction in a case with defective stipulations, then article 1.15 would be effectively eviscerated. TEX. CODE CRIM. P. ANN. art. 1.15 (Vernon Supp. 1998).[3] I do not believe this Court is empowered to judicially repeal article 1.15. I, therefore, dissent from the judgment of affirmance in trial court cause number 620,-032.

I agree in affirming the trial court's judgment in cause number 562,719. I would reverse the trial court's judgment in cause number 620,032 and remand that cause to the trial court for further proceedings.

2. The procedural history of *Pifer* warrants an explanation. In *Pifer*, this Court abated the appeals of the defendant's two convictions and remanded the cases to the trial court for an evidentiary hearing on his complaints about his trial counsel and the State's alleged failure to reveal exculpatory evidence. *Pifer*, 893 S.W.2d at 112. Mandates were issued even though the abatements and remands were interlocutory. The State filed petitions for discretionary review, which the Court of Criminal Appeals refused. After the trial court held the evidentiary hearing, this Court withdrew the mandates, considered the appeals on the merits, and affirmed the convictions. *Pifer v. State*, Nos. 01–92–00948–CR & 01–92–00949–CR, 1997 WL 549149 (Tex.App.— Houston [1st Dist.] Aug. 29, 1997, no pet.h.) (not designated for publication).

3. Appellant orally pleaded guilty to both theft and bond jumping. If her testimony is sufficient to uphold the convictions, then why waste time discussing any other evidence in the record?