Opinion issued June 30, 2005.











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00974-CR




ROBERT KELLY PARSONS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 946083




MEMORANDUM OPINION

          Appellant, Robert Kelly Parsons, waived a jury trial and entered a plea of no
contest to aggravated sexual assault of a child, without an agreed punishment
recommendation. Following a hearing on his pre-sentence investigation (“PSI”)
report, appellant was found guilty and sentenced to 40 years’ confinement in the
Texas Department of Criminal Justice-Institutional Division. In his sole point of
error, appellant argues that, because the allegations to which he stipulated failed to
state a criminal offense, the evidence was legally insufficient to support his
conviction under article 1.15 of the Code of Criminal Procedure. We affirm.
Background
          The six-year-old complainant was staying with her grandmother, Mary
Hoofard, while the complainant’s mother, Carolyn Vestal, was hospitalized. On April
8, 2003, Hoofard left the complainant with appellant, the complainant’s cousin, while
Hoofard visited Vestal in the hospital. Hoofard left the complainant alone with
appellant a second time when she picked up Vestal from the hospital.
          In her report to the Pasadena Police Department, Vestal stated that, on April
10, 2003, the complainant told her that “boys have a long pee-pee and girls don’t
because theirs are inside.” Vestal further explained that the complainant told her that
appellant had pulled down her pants, rubbed his penis on her buttocks, and then put
his penis between her vagina and buttocks. Vestal also reported that, during a bath
the next day, the complainant told her that her vagina hurt. That same day, the
complainant was interviewed at the Children’s Assessment Center. During the
interview, the complainant reported that appellant pulled down her underpants and
his shorts. She explained that appellant touched her by “putting his tee-tee against
her tee-tee” and that “white stuff came out.” Appellant denied having ever assaulted
the complainant. 
           The indictment set forth the criminal offense as follows:
“. . . ROBERT KELLY PARSONS, hereafter styled the Defendant,
heretofore on or about March 1, 2003, did then and there unlawfully,
intentionally, and knowingly cause the sexual organ of [S.T.], a person
younger than fourteen years of age and not the spouse of the Defendant,
to CONTACT the SEXUAL ORGAN of [S.T.].”Following the indictment, appellant signed a document entitled “Waiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession,” which was
modified to reflect his no contest plea. 
Legal Sufficiency
          In his sole point of error, appellant argues that the evidence was legally
insufficient to support his conviction under article 1.15 of the Code of Criminal
Procedure because the allegations to which he stipulated failed to state a criminal
offense.


 
Standard of Review 
          Reviewing the sufficiency of the evidence to support a judgment under article
1.15 upon a plea of guilty or nolo contest, requires this Court to apply a different
standard of review than when we review legal sufficiency under Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979).


 See Keller v. State, 125
S.W.3d 600, 604 (Tex. App.—Houston [1st Dist.] 2003), pet. dism’d, improvidently
granted, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam).
          A plea of guilty or no contest, alone, is not sufficient to support a judgment of
conviction. Burger v. State, 920 S.W.2d 433, 435 (Tex. App.—Houston [1st Dist.]
1996, pet. ref’d). The State must introduce sufficient evidence to support the
conviction. See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005); Burger, 920
S.W.2d at 435. Article 1.15 of the Code of Criminal Procedure provides in pertinent
part that, in order to sustain a conviction of guilty or no contest, 
it shall be necessary for the state to introduce evidence into the record
showing the guilt of the defendant and said evidence shall be accepted
by the court as the basis for its judgment and in no event shall a person
charged be convicted upon his plea without sufficient evidence to
support the same. The evidence may be stipulated if the defendant in
such case consents in writing, in open court, to waive the appearance,
confrontation, and cross-examination of witnesses, and further consents
either to an oral stipulation of the evidence and testimony or to the
introduction of testimony by affidavits, written statements of witnesses,
and any other documentary evidence in support of the judgment of the
court.
 
Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).
            Under article 1.15, the evidence will be deemed sufficient if it embraced each
essential element of the offense charged and established the defendant’s guilt. Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon 2005); Breaux v. State, 16 S.W.3d 854,
857 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). The evidence may also be
deemed sufficient and the conviction may be affirmed if there is evidence other than
a stipulation in the record sufficient to support the plea and show the guilt of the
defendant. See Parks v. State, 960 S.W.2d 234, 236-38 (Tex. App.—Houston [1st
Dist.] 1998, pet. ref’d.) (holding evidence sufficient to support plea where evidence
other than stipulation showed guilt).In Parks, the defendant pled guilty to theft and bond jumping and stipulated to
evidence of guilt in both cases. Id. at 236. The stipulation, however, was not signed
by the trial court, as required by article 1.15, and the defendant was convicted. Id.;
see McClain v. State, 730 S.W.2d 739, 742 (Tex. Crim. App.1987) (holding that the
trial court must sign the consent to stipulate in order for the defendant’s stipulation
of evidence to be effective). Although the defendant’s stipulation was insufficient
evidence under article 1.15, the court affirmed the conviction because the State
presented testimony from the victim of the theft, which supported the defendant’s
guilty plea. Id.
            In this case, appellant pled no contest to the offense of aggravated sexual
assault of a child.


 Appellant’s modified stipulation provided in part, 
The charges against me allege that in Harris County, Texas, Robert
Kelly Parsons, hereafter styled the Defendant, heretofore on or about
March 1, 2003, did then and there unlawfully, intentionally, and
knowingly cause the sexual organ of S.T., a person younger than
fourteen years of age and not the spouse of the Defendant, to contact the
sexual organ of S.T.(Emphasis added.) Section 22.021 of the Texas Penal Code requires proof that
appellant caused the sexual organ of the complainant to contact the sexual organ of
“another person,” including the “actor,” or, as here, appellant. Appellant’s stipulation
omitted this particular element. Accordingly, appellant’s stipulation alone, is
insufficient to support his no contest plea because it did not embrace every element
of the offense charged. 
          The trial court, however, did not make a finding of guilt until after the PSI
report was received in evidence and considered by the court. The PSI report
contained the statements made by the complainant and other witnesses. The trial
court can choose to believe or disbelieve the detailed description of the assault, which
was provided by the complainant and her mother. The complainant’s account was
also corroborated by the affidavit of Sheila Pau, a family friend who tape-recorded
the complainant’s account of the offense. See Stewart v. State, 12 S.W.3d 146, 148-49 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding conviction can be
affirmed pursuant to article 1.15 if there is evidence other than a stipulation in the
record sufficient to support the plea and show the guilt of the defendant). 
Accordingly, we hold that the evidence is legally sufficient to support appellant’s
conviction.
We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.