NUMBER 13-10-215-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
JEREMY JOE MORENO,                                  Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                      

On appeal from the 36th District Court 
of San Patricio County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Justice Vela

          Appellant, Jeremy Joe Moreno, appeals from an order revoking his community
supervision, adjudicating him guilty of sexual assault, sentencing him to ten years’
imprisonment, and assessing a fine of $1,500. See Tex. Penal Code Ann. § 22.011
(Vernon Supp. 2010). By four issues, appellant complains that: (1) his due process rights
were violated because he was not admonished regarding his right to confront and cross-examine witnesses, to produce witnesses and documentary evidence on his behalf, to be
free from self-incrimination, and to testify on his own behalf; (2) the trial court failed to
adjudicate guilt in open court; (3) the trial court abused its discretion in adjudicating guilt,
revoking community supervision, and assessing punishment; and (4) the trial court
imposed a sentence that was grossly disproportionate to the offense. We affirm.
I. Procedural History
          On May 10, 2002, appellant was indicted for the offense of sexual assault of a child. 
Appellant was eighteen years old at the time of the offense, and the victim was fifteen
years old. Appellant was placed on deferred adjudication community supervision for ten
years pursuant to a plea agreement. See Tex. Penal Code Ann. § 22.011. On December
19, 2002, the State filed a motion to revoke, alleging that appellant had failed to report to
his probation officer two times a month during October 2002 and November 2002. On July
18, 2003, the trial court continued appellant on community supervision, did not adjudicate
him guilty, sanctioned him to 120 days in jail, sixty days of home confinement, and required
him to participate in a substance abuse recovery program. 
          On January 2, 2009, the trial court amended appellant’s conditions of community
supervision, requiring him to submit to ten days’ confinement in jail. This was done without
a motion to revoke being filed. On September 11, 2009, the State filed a motion to revoke,
alleging that appellant failed to: (1) report to the probation officer twice per month in May,
June, July and August 2009; (2) complete a sexual offender group therapy program; (3)
submit to a polygraph examination; (4) pay supervision fees; and (5) pay restitution that
had been ordered.
 
          On March 3, 2010, the State amended the motion to revoke adding an allegation
that appellant had been found guilty of failing to comply with the sex offender registration
requirements. Appellant pleaded “true” to the allegations in the motion to revoke
community supervision. The trial court accepted the plea and found the allegations to be
true. A written order adjudicating appellant’s guilt is contained in the record.
II. Standard of Review 
          When there has been a violation alleged of a condition of community supervision
imposed under an order of deferred adjudication, a defendant is entitled to a hearing
limited to the determination of whether the trial court should proceed with an adjudication
of guilt on the original charge under section 21 of article 42.12 of the Texas Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 42.12, § 21 (Vernon 2006); See
Antwine v. State, 268 S.W.3d 634, 636 (Tex. App.–Eastland 2008, pet. ref'd). The State's
burden on a motion to revoke community supervision is lower than the burden of proof
necessary for criminal conviction. Smith v. State, 932 S.W.2d 279, 281 (Tex. App.–
Texarkana 1996, no pet.). The State must show, by a preponderance of the evidence, that
the defendant committed a violation of the conditions of community supervision. Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App.1993). This burden is met “when the greater
weight of credible evidence before the court creates a reasonable belief that it is more
probable than not that a condition of probation has been violated as alleged in the [State's]
motion to revoke.” Joseph v. State, 3 S.W.3d 627, 640 (Tex. App.–Houston [14th Dist.]
1999, no pet.) (citing Battle v. State, 571 S.W.2d 20, 21-22 (Tex. Crim. App. 1978)).
          We review of an order revoking community supervision for abuse of discretion.
Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984)). Further, in determining the sufficiency of the
evidence to sustain a revocation, we view the evidence in the light most favorable to the
trial court's ruling; Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979), while
recognizing that “[t]he trial court is the sole judge of the credibility of witnesses and the
weight given to their testimony.” Antwine, 268 S.W.3d at 636 (citing Cardona, 665 S.W.2d
at 493). Pleas of true, alone, support the revocation of defendant’s community supervision. 
Jones v. State, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi 2003, no pet.). 
III. Analysis
          By appellant’s first issue, he urges that he was not admonished concerning his right
to confront and cross-examine witnesses, to produce witnesses and documentary evidence
on his behalf, to be free from self-incrimination, and to testify on his own behalf.           The record reflects that appellant signed a judicial confession and stipulation in
which he said that he waived his right to confront and cross-examine witnesses and his
right to be free from self-incrimination. At the beginning of the hearing on the motion to
revoke community supervision, the trial court interrogated appellant with regard to whether
appellant understood the consequences to pleading “true” to the allegations in the State’s
motion. Appellant said that he understood and was pleading true because the allegations
were true. The trial court also advised appellant that if he pleaded “not true,” the State
would have to prove its case. Regardless, appellant was allowed to testify at the hearing
and his counsel called a witness on his behalf, who testified that appellant should be
allowed to continue on probation. There is nothing in the record to suggest that appellant’s
signing of a “Stipulation and Judicial Confession” was anything other than voluntary. We
overrule appellant’s first issue.
          By appellant’s second issue, he complains that the trial court failed to announce, in
open court, that it was adjudicating appellant guilty for the underlying charge. At the
hearing, the trial court told appellant that if it adjudicated him it would have to send him to
prison. The trial court told appellant, “if I find you guilty here today of this crime instead of
leaving you on deferred probation I’d have to adjudicate you and send you to prison. . . .” 
Appellant told the trial court that he understood. The trial court further cautioned appellant
that there were no deals in these types of cases. At the end of the hearing, the trial court
said that it was revoking appellant’s community supervision and sentencing appellant to
ten years in prison. 
          The trial court’s written order adjudicating guilt and sentencing appellant comports
with his oral pronouncement. Even if the trial court’s language did not equate to an oral
pronouncement, a written judgment is valid even in the absence of an express oral
pronouncement of guilt by the trial court. Sanchez v. State, 222 S.W.3d 85, 88 (Tex.
App.–Tyler 2006, no pet.); Parks v. State, 960 S.W.2d 234, 238 (Tex. App.–Houston [1st
Dist.] 1997, pet. ref'd) (citing Villela v. State, 564 S.W.2d 750, 751 (Tex. Crim. App.1978)).
We overrule appellant’s second issue. 
          By his third issue, appellant complains that the trial court abused its discretion in
adjudicating guilt and revoking his community supervision. There was conflicting evidence
before the trial court. On one hand, the trial court was aware that the victim in this case
considered herself appellant’s girlfriend at the time of the offense and appellant had been
on probation for eight years in sex offender status. He graduated from high school,
obtained a music scholarship, and he worked. The trial court heard that appellant had
some problems with drugs when he was nineteen and received treatment and is now drug
free. 
          Appellant explained to the trial court that, some time during the previous year, he
had lost his job and his home. He admitted that he stopped registering as a sex offender. 
He was charged with failure to register, convicted, and was sentenced to two years’
probation for that offense. He also testified that he failed to report to the probation
department. 
          On cross-examination, the State pointed out that appellant was in court in 2003 for
similar violations. Appellant knew he was supposed to report, but did not. Appellant
agreed that he had committed a new felony for failing to register as a sex offender. 
Documentation of appellant’s various violations also appear in the record. 
          The trial court heard the evidence and was in the best position to judge the
demeanor and credibility of the witnesses. See Antwine, 268 S.W.3d at 636. We will not
disturb the court’s discretionary ruling. See id. We overrule issue three. 
          By his fourth issue, appellant argues that the sentence is grossly disproportionate
to the offense. Appellant did not object to his sentence in the trial court. His attorney
requested at the hearing that he be continued on deferred adjudication. Additionally,
appellant did not file any post-trial motions or objections complaining that his sentence was
either disproportionate to the seriousness of the offense, or complaining about the
disparity, cruelty, unusualness or excessiveness of the sentence. We first note that
appellant’s sentence falls within the sentencing guidelines set forth in the penal code. See
Winchester v. State, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref’d).
          The Eighth Amendment provides that “[e]xcessive bail shall not be required, nor
excessive fines imposed, nor cruel and unusual punishment inflicted.” U.S. Const. amend. 
VIII. The Eighth Amendment is applicable to punishments imposed by state courts through
the Fourteenth Amendment’s Due Process Clause. See U.S. Const. amend. XIV,
Robinson v. California, 370 U.S. 660, 667 (1962). The Eighth Amendment does not
require strict proportionality between the crime and the sentence; rather, it forbids extreme
sentences that are “grossly disproportionate” to the crime. Ewing v. California, 538 U.S.
11, 21 (2003). In general, Texas courts have held that as long as the punishment
assessed falls within the statutory range, the punishment is not excessive. See Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Trevino v. State, 174 S.W.3d 925, 928
(Tex. App.–Corpus Christi 2005, pet. ref’d).
          Moreno’s ten year sentence falls within the punishment range for a second degree
felony. Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2010). While Moreno argued for
leniency at the hearing, he made no objection to his sentence to the trial court either at the
time of sentencing or in any post-trial motion. To preserve error for appellate review, a
party must present a timely objection to the trial court, state the specific grounds for the
objection, and obtain a ruling. Tex. R. App. P. 33.1(a). By failing to specifically object in
the trial court or in a post-trial motion, appellant has waived error. See Noland v. State,
264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref’d) (“[I]n order to
preserve for appellate review a complaint that a sentence is grossly disproportionate,
constituting cruel and unusual punishment, a defendant must present to the trial court a
timely request, objection, or motion stating the specific grounds for the ruling desired.”);
Trevino, 174 S.W.3d at 927-28 (“Because the sentence imposed is within the punishment
range and is not illegal, we conclude that the rights [appellant] asserts for the first time on
appeal are not so fundamental as to have relieved him of the necessity of a timely, specific
trial objection.”). We overrule appellant’s fourth issue.
 
 
 
 
IV. Conclusion
          Having overruled all of appellant’s issues, we affirm appellant’s conviction. 

 
                                                                           ROSE VELA 
                                                                           Justice


Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
14th day of October, 2010.