Jesse Lee WEBB, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00346–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 1988.

Discretionary Review Refused Sept. 27, 1988.

Catherine Greene Burnett, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, for appellee.

Before COHEN, JACK SMITH and DUNN, JJ.

## OPINION

COHEN, Justice.

Appellant was found guilty of aggravated sexual assault, and the trial court assessed punishment at confinement for life.

In point of error one, appellant contends that the Hon. A.D. Azios erred in assessing punishment, over objection, because he had not presided at the guilt-innocence phase of the trial. In point of error two, appellant claims that his election for the court to assess punishment was not knowingly and voluntarily made because he assumed that the judge who presided at the guilt-innocence stage would determine punishment.

Appellant's first trial resulted in a mistrial due to a hung jury. His second trial ended in a mistrial when defense counsel withdrew before the jury was sworn. This appeal results from the third trial.

Judge A.D. Azios presided at appellant's first two trials, at which appellant elected to have the jury assess punishment. Judge Frank C. Price presided over appellant's third trial, in which appellant again chose jury punishment. However, appellant amended that election and chose for the court to assess punishment. The jury was excused after it found appellant guilty, and the punishment hearing was set to a later date to secure a pre-sentence investigation report ("PSI"). Judge Azios then presided at the punishment hearing. Appellant objected that Judge Price should assess punishment because he had heard the evidence. The objection was overruled.

During the punishment hearing, the State offered the evidence that Judge Azios had heard in the first trial and the PSI. Appellant presented testimony from a Harris County Jail sergeant and from two jail chaplains. The State argued for a sentence of 50 years. Appellant requested no particular figure, but pointed out his absence of prior convictions.

 It is not error for a judge to assess punishment without having presided at the trial, absent an abuse of discretion. *Hogan v. State*, 529 S.W.2d 515, 517 (Tex. Crim.App.1975); *Ben–Schoter v. State*, 634 S.W.2d 28, 30 (Tex.App.—Beaumont), *rev'd on other grounds*, 638 S.W.2d 902 (Tex. Crim.App.1982).

In *Ben–Schoter*, the elected judge presided over the guilt-innocence stage, but an assigned judge heard several punishment witnesses. The elected judge then returned and assessed punishment, over the defendant's objection. The court reasoned that there was no abuse of discretion or injury because the PSI had given the elected judge adequate factual knowledge and the defendant had not been denied an opportunity to supplement the record.

In *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim.App.1984), the judge who presided during the guilt-innocence stage died before the punishment hearing was held. The judge who assessed punishment used the PSI to assess eight years confinement. Neither party presented evidence at this hearing. The defendant objected that the sentencing judge had not reviewed the transcript of the evidence presented at the guilt-innocence stage. On appeal, the appellant complained on this basis and argued that the trial judge had abused his discretion by assessing punishment based solely on the PSI. The court agreed, noting that because no evidence was presented at the punishment hearing, the sole basis for the punishment must have been the PSI, which was incompetent evidence under then existing law. *Id.* at 814. The court reasoned:

However, in all of the cases dealing with review in this area there was at least some evidence or facts available to the court and upon which the court could have relied in assessing punishment. We can find no case sanctioning, over timely objection, a particular punishment decision in which there was no evidence of the offense, no information about the defendant, no punishment evidence, no plea bargain; in short, nothing at all upon which the punishment decision could have been based. We decline to sanction such procedure and hold that under the limited facts of this case the trial judge abused his discretion when, over proper objection, he determined the appellant's punishment. Such determination was a violation of Art. 1.04, V.A.C. C.P., and Art. 1, Sec. 19 of the Texas Constitution constituting reversible error.

*Id.*

The present case differs from *Jackson* because Judge Azios had before him: 1) judicial knowledge of the evidence at the first trial that, in light of that jury's inability to convict, may have been more favorable to appellant than the evidence at the third trial; 2) the PSI, which is competent evidence under present law; and 3) defense evidence at the punishment hearing. Moreover, appellant did not request that the statement of facts from the third trial be transcribed and reviewed by Judge Azios. Thus, as in *Ben–Schoter*, appellant was not denied the opportunity to bring that evidence forward at the punishment stage. Moreover, appellant did not object at trial that having Judge Azios preside rendered his jury waiver unknowing or involuntary, and neither party presented evidence on that issue.

We agree with the dissenting opinion that the better practice would have been to have Judge Price preside, assuming that he was available. However, under present case law, Judge Azios did not abuse his discretion by presiding.

Points of error one and two are overruled.

The remainder of the opinion does not meet the standards for publication and therefore will not be published. Tex.R. App.P. 90.

The judgment is affirmed.

JACK SMITH, Justice, dissenting.

I respectfully dissent and would sustain the appellant's second point of error and hold that appellant did not knowingly waive his statutory right to have the jury assess punishment.

In the instant case, the appellant had three trials. He demonstrated his desire that the presiding judge of the 232nd Judicial District Court of Harris County, the Honorable A.D. Azios, not assess his punishment. He did this in the first and second trials by exercising his statutory right under Tex.Crim.P.Ann. art. 37.07, sec. 2(b) (Vernon Supp.1988), to have the jury assess punishment. It was only at the third trial, when Judge Azios did not preside, that appellant waived his right to have the jury assess punishment. His waiver of the jury was based solely on the fact that Judge Frank Price was trying the case. When Judge Azios, rather than Judge Price, appeared for the punishment hearing, appellant immediately objected. Under these particular circumstances, it seems clear that the waiver of this valuable statutory right to a jury trial was based on the reasonable expectation that Judge Price would assess punishment.

Deciding whether the judge or jury will assess punishment is one of the most important choices facing any criminal defendant. All good trial lawyers know that it is essential to know how a specific judge will probably act on a given set of facts. They constantly review a judge's past rulings to know the judge's propensities. This knowledge when advising a client to waive or not to waive a jury, is often more important than most or all of the decisions in a trial. Texas is one of the few states that allows jury sentencing, and it has given the defendant the exclusive option to elect to have a jury. Where a defendant does everything possible, under rights granted

him by law, to avoid having punishment imposed by a particular judge, and gives up the right to jury punishment only on the reasonable assumption that a specific judge will assess the punishment, and then another judge is substituted, such a waiver cannot be characterized as knowing or voluntary.

I recognize that there will be cases where it is impossible or impractical for the judge who presided at the guilt-innocence stage to assess punishment. This will occur when the judge has died, become incapacitated, left office, or is unavailable for a lengthy period of time. None of these events occurred in this case, and no evidence indicates that Judge Price was not ready, willing, and able to assess punishment and thus fulfill the reasonable expectations that were created when he presided over the guilt-innocence stage of the trial.

This does not create a general right to be sentenced by any particular judge. On the contrary, relief is appropriate in this particular case only because of the unavoidable conclusion that appellant reasonably relied on Judge Price's presence, combined with the absence of any suggestion that Judge Price would not preside.

Few would deny that a judge who heard the evidence at the guilt stage is in a better position to assess an appropriate punishment than one who did not. Although Judge Azios heard the evidence at the first trial of this cause, approximately 17 months before this trial, no evidence from the guilt-innocence phase of the instant trial was introduced before he assessed punishment. Moreover, nothing suggests that the evidence at the two trials was the same. In fact, the evidence at the first trial appears to have been more favorable to appellant than the evidence at the third trial because there was a hung jury at the first trial. Although the statement of facts of the third trial could have been tran-

scribed for Judge Azios' review prior to the assessment of punishment, this was not done.

Courts should be reluctant to approve the assessment of punishment by a judge who did not hear the evidence that led to conviction, when the judge who did is available. In the instant case, the defendant objected to the switching of judges, and a valuable right was knowingly and voluntarily waived in reasonable reliance upon the presence of the judge who presided at the guilt-innocence phase of the trial.

Because these circumstances combined to render appellant's waiver of his right to jury assessment of punishment involuntary and because the sentencing judge had no evidence introduced on which he would have a basis to render a decision as to punishment, I would reverse and remand this case for a new trial on the punishment phase of the trial.