

NUMBER 13-11-00529-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARTURO RODRIGUEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Perkes
### Memorandum Opinion by Justice Garza

A jury convicted appellant, Arturo Rodriguez, of murder and aggravated assault. *See* TEX. PENAL CODE ANN. §§ 19.02 (b)(1), 22.02 (West 2011). Trial testimony showed that appellant stabbed Alfredo Bustinza and Jose Rodriguez in a bar fight. Bustinza died from his injuries; Rodriguez survived and testified at trial. Following a punishment hearing before a visiting judge, the trial court assessed punishment at life imprisonment and a $10,000 fine. By six issues, appellant contends: (1) the trial court erred in

denying his request for a continuance at the punishment phase of trial; (2) he was denied effective assistance of counsel; (3) the trial court erred in admitting autopsy photographs and the pathologist's' video deposition testimony; (4) the prosecutor engaged in improper closing argument; (5) the trial court erred in denying his motion for new trial; and (6) the trial court erred in admitting evidence of appellant's gang affiliation at the punishment phase of trial. We affirm.

## I. DENIAL OF CONTINUANCE

By his first issue, appellant contends the trial court erred in denying his request for a continuance at the punishment phase of trial. Appellant argues that his "due process rights were violated" because the presiding judge at the punishment hearing was not as familiar with the evidence in the case as the judge that presided over the jury trial. The State responds that appellant failed to preserve any issue for review because he failed to file a written motion for continuance. We agree with the State.

"[I]f a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009). At the beginning of the punishment phase, appellant's counsel expressed his preference to have the trial judge who presided over the guilt/innocence phase preside over the punishment phase; counsel requested a "resetting" of the punishment phase so that the judge who presided over the guilt/innocence phase could hear the punishment phase, but no written motion for continuance appears in the appellate record. The trial court declined to reset the punishment phase, and the punishment hearing proceeded. Appellant has failed to preserve this issue for review. *See id.* We overrule appellant's first issue.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, appellant contends he was denied effective assistance of counsel. Specifically, appellant contends his trial counsel rendered ineffective assistance by: "(1) failing to adequately protect [a]ppellant's rights by insisting on discovery requests; (2) failing to object to the introduction of evidence in violation of [a]ppellant's Fourth Amendment rights; (3) failing to object to hearsay testimonial statements by the pathologist; and (4) by failing to object to hearsay improper statements."

### A. Standard of Review and Applicable Law

"To obtain a reversal of a conviction under the *Strickland* test, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding." *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). "To establish deficient performance, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). "The prejudice prong of *Strickland* requires showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 248 (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "[E]ach case must be judged on its own unique facts." *Davis*, 278 S.W.3d at 353.

3

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6.

### B.  Discussion

We first note that appellant has not provided any references to the reporter's record directing us to instances of counsel's alleged ineffectiveness. As to appellant's first two allegations of ineffectiveness—that counsel failed to protect his rights by insisting on discovery requests and failing to object to certain evidence in violation of his Fourth Amendment rights—appellant provides no further explanation or description. We are unable to ascertain the basis of these allegations either from appellant's briefing or from our review of the record. Therefore, these alleged instances of ineffectiveness are inadequately briefed and present nothing for review. *See* TEX. R. APP. P. 38.1(i); *Busby*

4

*v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008). We overrule appellant's issue regarding these allegations of ineffectiveness.

Appellant complains that his counsel failed to object to "hearsay testimonial statements by the pathologist." Specifically, appellant complains that, as to the "pathology photographs of the deceased," his trial counsel "failed to qualify their objection to relevance under 402 and admissible [sic] under 404(b)." He further complains that his confrontation rights were violated when "[t]he pathologist testified from a report that contained findings that were testimonial in nature and trial counsel never objected to the same." Finally, he complains that his trial counsel failed to object "to admission of 'bad acts' which consisted of the [a]ppellant being arrested and returned from Mexico."

Here, the record is silent regarding trial counsel's reasons for not objecting to the admission of the autopsy photographs, the pathologist's deposition testimony, or the evidence regarding appellant's arrest in Mexico. Therefore, appellant has not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Ortiz v. State*, 93 S.W.3d 79, 88–89 Tex. Crim. App. 2002) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal"; *see also Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851.

Moreover, appellant does not address the second prong of *Strickland*: whether there is a reasonable probability that but for trial counsel's alleged errors, the result would have been different. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694. Therefore, appellant has not met his burden to prove ineffective assistance of

5

counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813. We overrule appellant's second issue.

### III. ADMISSION OF DEPOSITION TESTIMONY AND PHOTOGRAPHS

By his third issue, appellant contends the trial court erred in admitting the deposition testimony of the pathologist and the autopsy photographs. Appellant contends that admission of the evidence violated his "right to confrontation," but provides no argument supporting this contention. Instead, he argues that the trial court erred in admitting the complained-of evidence because its probative value is outweighed by the risk of unfair prejudice under rule 403. *See* TEX. R. EVID. 403.

The State responds that the issue is not preserved for our review because appellant did not object at trial to admission of either the autopsy photographs or the pathologist's deposition testimony. We agree in part. The record reflects that appellant did not object at all to the admission of the autopsy photographs. Appellant objected to admission of the written transcript of the pathologist's deposition testimony on the ground that it was "not signed by the doctor" and to the videotape of the testimony on the ground that it was a "copy." Thus, appellant's complaints on appeal do not comport with his objections at trial, and he has failed to preserve any issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). We overrule appellant's third issue.

### IV. IMPROPER JURY ARGUMENT

By his fourth issue, appellant complains that during closing argument, the prosecutor "argued facts not in evidence and [that] were not subject to reasonable deduction from the evidence[,] but said argument was done only to the inflame the jurors . . . ."

6

"[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). "[E]rror exists when facts not supported by the record are interjected in the argument, but such error is not reversible unless, in light of the record, the argument is extreme or manifestly improper." *Id.*

The preferred procedure for a party to voice its complaint is: "(1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Although "this sequence is not essential to preserve complaints for appellate review," "[t]he essential requirement is a timely, specific request that the trial court refuses." *Id.* "A request for an instruction to disregard is essential to the preservation of error only when such an instruction could have had the effect desired by the requesting party." *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). "In most instances, an instruction to disregard the remarks will cure the error." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

The court of criminal appeals has held that "a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim. App.1996). Thus, "[b]efore a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling." *Id.*

7

Here, in responding to appellant's self-defense argument, the prosecutor made made three arguments that appellant objected to as "argu[ing] facts not in evidence": (1) he referred to the pathologist's testimony that the deceased had bruises on his legs and suggested that the bruises could have resulted from the deceased kicking as he was stabbed to death; (2) he argued that appellant's stabbing the deceased "was not self-defense" because the seat cushion where the deceased was sitting was "pulled down, probably because the person was pulled up over it"; and (3) in explaining that the deceased had bruises on the back of his head, the prosecutor said that the injuries may have resulted from the victim hitting the floor after he was stabbed or from someone hitting the victim in the back of the head.

With respect to the first statement—regarding the bruising on the deceased's legs—appellant's trial counsel objected to the prosecutor's statement as "not a matter of evidence." The trial court sustained the objection. Appellant's counsel neither requested an instruction to disregard or a mistrial. With regard to the prosecutor's statement that the seat cushion was pulled down because the victim was pulled up over it, appellant's counsel again objected that the statement was "not a matter of evidence." The trial court sustained the objection, counsel requested an instruction to disregard, and the trial court so instructed the jury. Appellant's counsel did not request a mistrial. Finally, regarding the prosecutor's statement suggesting how the victim sustained injuries to the back of his head, appellant's counsel again objected that the prosecutor was "testifying as to matters that are not in evidence." The trial court sustained the objection. Appellant's counsel neither requested an instruction to disregard the statement or a mistrial. Because appellant did not pursue any of his objections to an adverse ruling, he has failed to preserve any of his complaints about the prosecutor's

statements for appellate review. *See Young*, 137 S.W.3d at 69; *Cockrell*, 933 S.W.2d at 89. We overrule appellant's fourth issue.

## V. MOTION FOR NEW TRIAL

By his fifth issue, appellant contends the trial court erred in denying his motion for new trial on the ground that a "new trial should have been granted because of the Court's failure to preside over the punishment phase."

We review a trial court's denial of a motion for a new trial for abuse of discretion. *See State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). "It is not error for a judge to assess punishment without having presided at the trial, absent an abuse of discretion." *Webb v. State*, 755 S.W.2d 222, 223 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (citing *Hogan v. State*, 529 S.W.2d 515, 517 (Tex. Crim. App.1975)). Here, appellant does not allege an abuse of discretion beyond the fact that a different judge presided over the punishment phase. The trial court did not abuse its discretion in assessing appellant's punishment and therefore did not abuse its discretion in denying appellant's motion for new trial. We overrule appellant's fifth issue.

## VI. GANG AFFILIATION EVIDENCE

By his sixth issue, appellant contends the trial court erred in admitting evidence of his gang affiliation and in considering such evidence at the punishment phase of trial. Appellant argues that there was "no direct evidence" that he was a gang member or that the murder was part of a gang ritual. Appellant contends that the State's evidence did not establish that he was a gang member.

We note that the only reference to the record is to testimony offered at the punishment hearing, specifically the testimony of Lieutenant Dionicio Cortez, a gang investigator for the Cameron County Sheriff's Office. Accordingly, we will review only the admission of Officer Cortez's testimony.

9

We review evidentiary rulings for abuse of discretion. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). The trial court abuses its discretion only when its decision lies "outside the zone of reasonable disagreement." *Id.* "Evidence of a defendant's gang membership may be relevant and admissible at the punishment stage of a trial to show the character of the accused." *Broadnax v. State*, No. AP-76207, 2011 WL 6225399, at *14 (Tex. Crim. App. Dec. 14, 2011) (citing *Jones v. State*, 944 S.W.2d 642, 652–53 (Tex. Crim. App. 1996); *Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995)).

At the punishment hearing, the State admitted a photograph of a Texas Syndicate tattoo located on appellant's arm. Officer Cortez testified that the tattoo shows that appellant is a member of the Texas Syndicate. Appellant did not object to Officer Cortez's testimony or to the admission of the photograph. Officer Cortez further testified that appellant is identified as a Texas Syndicate gang member in the Texas Anti-Gang Information Tracking System, a law enforcement database that tracks gang members. Appellant did not object to this testimony. Accordingly, appellant has not preserved for review his complaint about the admission of gang-affiliation evidence. *See* TEX. R. APP. P. 33.1; *Pena*, 285 S.W.3d at 464. We overrule appellant's sixth issue.

## VII. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
16th day of May, 2013.

10